The Kantrow Law Group, PLLC
Proposed Attorneys for the Debtor
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
Fred S. Kantrow
Hailey L. Kantrow

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

Case No.: 26-70576-las

NEW YORK BEACH CLUB LTD.,                                       Chapter 11

                                   Debtor.

-----------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF ENTRY OF AN ORDER SCHEDULING A HEARING ON AN EXPEDITED BASIS TO CONSIDER "FIRST DAY MOTIONS" PURSUANT TO LOCAL RULE 9077-1**

TO:    THE HON. LOUIS A. SCARCELLA
       UNITED STATES BANKRUPTCY JUDGE

       Fred S. Kantrow, an attorney duly admitted to practice before this Court, states as follows:

       1.    I am a member of The Kantrow Law Group, PLLC, proposed attorneys for New York Beach Club LTD., the debtor and debtor-in-possession (the "Debtor").

       2.    I submit this Affirmation in accordance with Local Bankruptcy Rule 9077-1 in support of the entry of an Order Scheduling a Hearing on an Expedited Basis to consider the Debtor's first day motions (the "First Day Motions"), specifically seeking entry of Orders: (i) authorizing the emergency use of cash collateral on an interim basis; (ii) authorizing the Debtor to continue to maintain and use its cash management system, bank accounts and to receive a temporary waiver of certain operation guidelines relating to its bank accounts; and (iii) establishing procedures pursuant to 11 U.S.C. §366 to deem various utilities assured of payment and to ensure the continuation of services.

       3.    On February 10, 2026, the Debtor filed its petition for relief and related schedules. A detailed factual background of the Debtor's business and operations as well as the events leading

to the filing of the chapter 11 case, is more fully set forth in the declaration of Alexander Jacobson, its president in the Local Rule 1007-1 statement which has been filed with the Court.

4.      There is a need for immediate relief in the form of the proposed First Day Motions and for this reason, the Debtor seeks the entry of an Order Scheduling a Hearing on an Expedited Basis.

5.      The Debtor operates as a beach club in Atlantic Beach, New York.  The Debtor leases its premises from Ocean Blvd, LLC ("Ocean") which owns the real property commonly known as 1751 Ocean Boulevard, Atlantic Beach, New York (the "Real Property").  On or about March 26, 2024, Carver Federal Savings Bank ("Carver") which holds a mortgage secured by an interest in the Real Property, along with a guarantee of the debt against the Debtor and its principal, Alexander Jacobson, commenced a foreclosure action in the Supreme Court, State of New York County of Nassau under Index No. 605303/2024 (the "State Court Action").  The State Court Action remains pending.  On or about January 9, 2026, an Order was entered in the State Court Action appointing a receiver (the "Receiver"). By letter dated January 19, 2026, the Receiver advised the Debtor and the No-defendants in the State Court Action, that they were obligated to, among other things, turnover to the Receiver the "membership deposits") currently held by the Debtor in connection with the operation of the Debtor for the upcoming 2026 season.  While the Debtor understood the obligations under the State Court Orders regarding the appointment of the Receiver, the membership deposits do not represent the cash collateral of Carver and are not held in trust or escrow.  Rather, the membership deposits are the funds necessarily used by the Debtor in the day-to-day operations of the Debtor.  Absent the use of these membership deposits the Debtor would simply be forced to terminate its operations. Prior to the commencement of this chapter 11 bankruptcy case, the Debtor sought an expedited hearing in the State Court Action to

have the Court reconsider its order directing that the Debtor turnover to the Receiver these membership deposits. Rather than schedule such an expedited hearing to consider this, the Court scheduled an expedited hearing at the request of Carver and the Receiver at which hearing the Receiver shall seek to hold the Debtor and the co-defendants in contempt for their failure to, among other things, turnover the membership deposits.  The Debtor elected to commence this voluntary chapter 11 bankruptcy case to, among other things, discharge the Receiver, and move to reorganize its debt.  Absent relief under the Bankruptcy Code, the membership deposits remain at risk and the members will suffer the consequences insofar as the Debtor will not be able to open for the upcoming season. A companion case of the Real Property owners, filed simultaneously, will provide the breathing room to either accomplish a proposed sale of the Real Property or a refinance of the Real Property, which are options available to a single asset real estate debtor pursuant to the Bankruptcy Code.

6.      The Debtor commenced the bankruptcy proceedings to: (i) obtain the benefits of the automatic stay provided by the Bankruptcy Code and allow the Debtor the breathing spell necessary to continue its operations; (ii) address the resolution of obligations to its creditors, not the least of which are the obligations to its members who have already made significant deposits in connection with the upcoming season; and (iii) attempt an orderly reorganization to maximize value for the Debtor's creditors and parties in interest.

7.      The Debtor believes that with the protection of this Court and the Bankruptcy Code, the Debtor will be able to restructure its business arrangement and debts, and propose a meaningful, feasible and confirmable plan of reorganization.

**<u>NEED FOR EXPEDITED RELIEF</u>**

8.      The Debtor's continued use of its pre-petition Cash Management System is vital in order to avoid disruption to its business operations and preserve its going concern value.  The Cash Management System allows the Debtor to accept various forms of payment, which many of its customers expect to use to pay for goods and services.  Absent the ability to accept the various forms of electronic payments the business will suffer significant harm.  The use of the pre-petition Cash Management System shall be only for the interim period until all parties are directed to the newly established "DIP" bank accounts.

9.      The Debtor's ability to establish procedures to provide adequate assurance to both PSEGLI and NatGrid are essential so that the Debtor's lights and utilities remain on uninterrupted.

10.      The Debtor's need for the immediate use of cash collateral so that its operations are uninterrupted.

11.      The need to direct the turnover of property of the estate currently held by the Receiver pursuant to section 543 of the Bankruptcy Code.

12.      Based upon the above circumstances and as set forth in the First Day Motions, the Debtor submits that cause exists to schedule a hearing to consider expedited relief.

13.      No previous request for the relief sought herein or in any of the First Day Motions has been made to this or any other Court.

Dated: Smithtown, New York
         February 10, 2026

                           The Kantrow Law Group, PLLC
                           Proposed Attorneys for the Debtor and Debtor-in-Possession

                           BY:    S/Fred S. Kantrow
                                  Fred S. Kantrow
                                  732 Smithtown Bypass, Suite 101
                                  Smithtown, New York 11787
                                  516 703 3672
                                  fkantrow@thekantrowlawgroup.com