KRISS & FEUERSTEIN LLP
360 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 661-2900
Jerold C. Feuerstein, Esq.
Andrew S. Muller, Esq.
Christopher Palmieri, Esq.

*Attorneys for 1751 Ocean LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NEW YORK BEACH CLUB LTD., | Case No. 26-70576 (LAS) |
| Debtor. | |
| In re: | Chapter 11 |
| OCEAN BLVD., LLC, | Case No. 26-70577 (LAS) |
| Debtor. | |

**AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER
(A)(I) AUTHORIZING RECEIVER TO CONTINUE IN POSSESSION OF
PROPERTY OF THE ESTATES AND EXCUSING RECEIVER FROM
TURNOVER COMPLIANCE PURSUANT TO 11 U.S.C. § 543(d), OR,
ALTERNATIVELY, (II) APPOINTING CHAPTER 11 TRUSTEE OR,
ALTERNATIVELY, (III) CONVERTING DEBTORS' CASES, AND
(B) GRANTING RELATED RELIEF**

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NASSAU     )

Joshua Blisko, being duly sworn, deposes and says:

1.    I am a manager of 1751 Ocean LLC ("*Lender*"), assignee of all of the right, title

and interest of Carver Federal Savings Bank ("*Carver*") in the loans described hereinbelow.

2.    As part of my job responsibilities at Lender, I am familiar with, and responsible for,

reviewing the types of records maintained by Lender in connection with the matters that are the

subject of this litigation, including the documents evidencing and pertaining to same.  I am also familiar with the Debtors (identified and defined below) and Jacobson (identified and defined below) referenced herein.  I have personal knowledge of the facts of this case described herein, (a) based upon my personal observations; and (b) from my examination and observation of the business records concerning the matters that are the subject of this action, the documents evidencing same, and the Debtors and Jacobson, which are maintained by Lender in the regular and ordinary course of business of Lender.

3.      It is the regular course of business of Lender to make and maintain such records. Lender's records are business records made at or near the time of the subject acts, events, transactions and occurrences by Lender's personnel with knowledge thereof, kept in the regular course of Lender's business, and made in the regular practice of Lender.

4.      I have reviewed the statements set forth herein as against the records kept by Lender and have executed this Affidavit based upon that review and upon my personal knowledge of, (a) the stated facts and circumstances herein, and (b) the books and records of Lender.

5.      I respectfully submit this Affidavit in support of Lender's Motion for an Order: (A)(I) Authorizing the Receiver to Continue in Possession of Property of the Debtors' Estates, and Excusing the Receiver from Turnover Compliance pursuant to 11 U.S.C. § 543(d), or, alternatively (II) Appointing Chapter 11 Trustee or, alternatively (III) Converting the Debtors' Cases and, (B) Granting Related Relief, including entry of a bridge order until the hearing hereon (the "*Motion*").

## THE LOAN DOCUMENTS

### Loan A

1.      On or about March 31, 2022, Carver made a loan to New York Beach Club Ltd. ("*NYBC*") and Ocean Blvd., LLC ("*Ocean*", and together with NYBC, the "*Debtors*") in the

2

original principal amount of Seven Million Two Hundred Seventy-Five Thousand and 00/100 Dollars ($7,275,000.00) ("*Loan A*").

2.      To evidence its indebtedness under Loan A, on or about March 31, 2022, the Debtors for value received, executed, acknowledged and delivered to the Lender, a *Consolidated, Amended and Restated Promissory Note* ("*Loan A Note*"), in the original principal amount of Seven Million Two Hundred Seventy-Five Thousand and 00/100 Dollars ($7,275,000.00) with interest thereon at the rates therein provided, and promised to pay said amount plus interest thereon to Lender.  A true and correct copy of the Loan A Note is attached as **Exhibit "A"**.

3.      The Loan A Note, *inter alia,* consolidates, extends, modifies and restates in their entirety a certain Gap Note (as defined below), as well as certain prior notes as described therein.

4.      Contemporaneously with the execution of the Loan A Note, the Debtors, for value received, executed, acknowledged and delivered to Lender, a *Gap Note* ("*Gap Note*"), in the original principal amount of Two Million Five Hundred Seventy-Five Thousand and 00/100 Dollars ($2,575,000.00) with interest thereon at the rates therein provided, and promised to pay said amount plus interest thereon to Lender.  A true and correct copy of the Gap Note is attached as **Exhibit "B"**.

5.      To secure payment of the Loan A Note, on or about March 31, 2022, the Debtors, for value received, executed, acknowledged and delivered to Lender, a *Consolidation, Spreader, Extension and Modification Agreement* (the "*Loan A Mortgage*"), in the original principal amount of Seven Million Two Hundred Seventy-Five Thousand and 00/100 Dollars ($7,275,000.00), securing a first mortgage lien on real and personal property situated in Atlantic Beach, Town of Hempstead, County of Nassau and State of New York, designated as Section: 58, Block: 32 and Lots: 1-20, 21-25 and 26-30 and Section: 58, Block: E, Lots: 131 and 132 on the Tax Map of

3

Nassau County, New York, known as and by the street address, 1751 Ocean Boulevard, Atlantic Beach, New York 11509 (the "*Mortgaged Property*").  The Loan A Mortgage was recorded on October 27, 2022, in the Nassau County Clerk's Office in Liber 46920 at page 304 *et seq.* and was duly indexed according to law and the tax, if any, imposed by law upon the recording thereof was duly paid.  A true and correct copy of the Loan A Mortgage is attached as **Exhibit "C"**.

6.      Contemporaneously with the execution of the Loan A Mortgage, Debtors for value received, executed, acknowledged and delivered to the Lender, a *Gap Mortgage* ("*Gap Mortgage*"), in the original principal amount of Two Million Five Hundred Seventy-Five Thousand and 00/100 Dollars ($2,575,000.00).  The Gap Mortgage was recorded on October 27, 2022, in the Nassau County Clerk's Office in Liber 46920 at page 261 *et seq.* and was duly indexed according to law and the tax, if any, imposed by law upon the recording thereof was duly paid.  A true and correct copy of the Gap Mortgage is attached as **Exhibit "D"**.

7.      The Loan A Mortgage, *inter alia,* consolidates, extends, modifies, amends and restates the Gap Mortgage, as well as certain prior mortgages shown in Exhibit A to the Loan A Mortgage (collectively, the "*Existing Mortgage*") as a single indebtedness as described therein.

8.      The Existing Mortgage, together with all underlying notes, was assigned pursuant to an *Assignment of Mortgage* ("*Assignment of Mortgage*") from W Financial REIT, Ltd. to Carver, dated March 31, 2022 and recorded in the Nassau County Clerk's Office on October 27, 2022 in Liber 46920 at page 250 *et seq.*  A true and correct copy of the Assignment of Mortgage is attached as **Exhibit "E"**.

9.      The Loan A Mortgage also spreads the liens of the Gap Mortgage and Existing Mortgage over the whole of the Mortgaged Property.

4

10.    Pursuant to the Loan A Mortgage and the Gap Mortgage, the Debtors granted a security interest in the Collateral (as defined in the Loan A Mortgage and Gap Mortgage).

11.    As additional security for the payment of Loan A, on or about March 31, 2022, the Debtors executed, acknowledged and delivered to Carver, an *Assignment of Leases and Rents* (the "*Loan A ALR*").  The Loan A ALR was duly recorded on October 27, 2022 in the Nassau County Clerk's Office at Liber 46920 at page 366 *et seq.*  A true and correct copy of the Loan A ALR is attached as **Exhibit "F"**.

12.    The Loan A ALR unconditionally and absolutely assigned, all right, title and interest in, *inter alia,* all then current and future Leases and Rents (as defined in the Loan A ALR).

13.    The Loan A ALR provides, *inter alia,* that upon an Event of Default, Carver may, at its option, enter upon the Mortgaged Property in person, by agent or by court-appointed receiver to collect the Rents, as set forth therein.

14.    As additional security for the payment of Loan A, on or about March 31, 2022, the Debtors executed, acknowledged and delivered to Carver, a *Security Agreement* ("*Loan A Security Agreement*") whereby, *inter alia,* Debtors assigned, pledged and transferred to Carver and granted Carver a continuing security interest in and to, the Collateral (as defined in the Loan A Security Agreement), and in all of the Debtors' right, title and interest therein.  A true and correct copy of the Loan A Security Agreement is attached as **Exhibit "G"**.

15.    As additional security for the payment of Loan A from Ocean, pursuant to the Loan A Mortgage and Gap Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan A Mortgage and Gap Mortgage), by duly filing a Uniform Commercial Code financing statement ("*UCC-1*") on April 1, 2022 with the New York State Department of State, which was assigned filing number 202204010135421 (the "*Ocean Loan A Mtg State UCC*").  As additional

5

security for the payment of Loan A from NYBC, pursuant to the Loan A Mortgage and Gap Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan A Mortgage and Gap Mortgage), by duly filing a UCC-1 on April 1, 2022 with the New York State Department of State, which was assigned filing number 202204010135457 (the "*NYBC Loan A Mtg State UCC*").  True and correct copies of the Ocean Loan A Mtg State UCC and NYBC Loan A Mtg State UCC are attached as **Exhibit "H"**.

16.     As additional security for the payment of Loan A from Ocean, pursuant to the Loan A Security Agreement, Carver perfected its security interest in the Collateral (as defined in the Loan A Security Agreement), by duly filing a UCC-1 on April 1, 2022 with the New York State Department of State, which was assigned filing number 202204010135433 (the "*Ocean Loan A SA State UCC*").  As additional security for the payment of Loan A from NYBC, pursuant to the Loan A Security Agreement, Carver perfected its security interest in the Collateral (as defined in the Loan A Security Agreement), by duly filing a UCC-1 on April 1, 2022 with the New York State Department of State, which was assigned filing number 202204010135445 (the "*NYBC Loan A SA State UCC*").  True and correct copies of the Ocean Loan A SA State UCC and NYBC Loan A SA State UCC are attached as **Exhibit "I"**.

17.     As additional security for payment of Loan A from Ocean, pursuant to the Loan A Mortgage and Gap Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan A Mortgage and Gap Mortgage), by duly filing a UCC-1 with the Nassau County Clerk's Office on April 27, 2022 under instrument number 2022-00266182 (the "*Ocean Loan A Mtg County UCC*").  As additional security for payment of Loan A from NYBC, pursuant to the Loan A Mortgage and Gap Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan A Mortgage and Gap Mortgage), by duly filing a UCC-1 with the Nassau County

6

Clerk's Office on April 27, 2022 under instrument number 2022-00266183 (the "*NYBC Loan A Mtg County UCC*"). True and correct copies of the Ocean Loan A Mtg County UCC and NYBC Loan A Mtg County UCC are attached as **Exhibit "J"**.

18.     As additional security for the payment of Loan A from the Debtors, Alexander V. Jacobson ("*Jacobson*" and/or "*Shareholder*") for value received, executed, acknowledged and delivered to the Lender, a *Guaranty Agreement* dated as of March 31, 2022, wherein, Jacobson guaranteed all obligations, indebtedness and other liabilities of the Debtors ("*Loan A Guaranty*"). A true and correct copy of the Loan A Guaranty is attached as **Exhibit "K"**.

19.     The Loan A Note, Gap Note, Loan A Mortgage, Gap Mortgage, Loan A ALR, Loan A Security Agreement, Ocean Loan A Mtg State UCC, Ocean Loan A SA State UCC, NYBC Loan A Mtg State UCC, NYBC Loan A SA State UCC, Ocean Loan A Mtg County UCC, NYBC Loan A Mtg County UCC, and Loan A Guaranty, together with all other loan documents relating to Loan A are referred to collectively herein as the "*Loan A Documents*".

**Loan B**

20.     On or about March 31, 2022, Lender made another loan to the Debtors in the original principal amount of Nine Hundred Twenty-Five Thousand and 00/100 Dollars ($925,000.00) ("*Loan B*", and collectively with Loan A, the "*Loans*").

21.     To evidence its indebtedness under Loan B, on or about March 31, 2022, the Debtors, for value received, executed, acknowledged and delivered to Carver, a *Promissory Note* (the "*Loan B Note*", and together with the Loan A Note, the "*Notes*"), in the original principal amount of Nine Hundred Twenty-Five Thousand and 00/100 Dollars ($925,000.00) with interest thereon at the rates therein provided, and promised to pay said amount plus interest thereon to Carver. A true and correct copy of the Loan B Note is attached as **Exhibit "L"**.

7

22.    To secure payment of the Loan B Note, on or about March 31, 2022, the Debtors for value received, executed, acknowledged and delivered to Carver, a *Mortgage, Assignment of Leases and Rents and Security Agreement* (the "*Loan B Mortgage*", and together with the Loan A Mortgage, the "*Mortgages*"), in the original principal amount of Nine Hundred Twenty-Five Thousand and 00/100 Dollars ($925,000.00), securing a second mortgage lien against the Mortgaged Property.  The Loan B Mortgage was recorded on October 31, 2022, in the Nassau County Clerk's Office in Liber 46925 at page 940 *et seq.* and was duly indexed according to law and tax, if any, imposed by law upon recording thereof was duly paid.  A true and correct copy of the Loan B Mortgage is attached as **Exhibit "M"**.

23.    Pursuant to the Loan B Mortgage, the Debtors granted a security interest in the Collateral (as defined in the Loan B Mortgage).

24.    As additional security for the payment of Loan B, on or about March 31, 2022, the Debtors executed, acknowledged and delivered to the Lender, an *Assignment of Leases and Rents* (the "*Loan B ALR*", and together with the Loan A ALR, the "*ALRs*").  The Loan B ALR was duly recorded on October 31, 2022 in the Nassau County Clerk's Office at Liber 46925 at page 984 *et seq.*  A true and correct copy of the Loan B ALR is attached as **Exhibit "N"**.

25.    The Loan B ALR provides, *inter alia,* that upon an Event of Default, Lender may, at its option, enter upon the Mortgaged Property in person, by agent or by court-appointed receiver to collect the Rents, as set forth therein.

26.    As additional security for the payment of Loan B, on or about March 31, 2022, the Debtors executed, acknowledged and delivered to the Lender, a *Security Agreement* (the "*Loan B Security Agreement*", and together with the Loan A Security Agreement, the "*Security Agreements*"), whereby, *inter alia,* the Debtors assigned, pledged and transferred to Carver and

8

granted Carver a continuing security interest in and to the Collateral (as defined in the Loan B Security Agreement), and in all of the Debtors' right, title and interest therein.  A true and correct copy of the Loan B Security Agreement is attached as **Exhibit "O"**.

27.    As additional security for the payment of Loan B from Ocean, pursuant to the Loan B Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan B Mortgage), by duly filing a UCC-1 on April 1, 2022 with the New York State Department of State, which was assigned filing number 202204010135407 (the "*Ocean Loan B Mtg State UCC*").  As additional security for the payment of Loan B from NYBC, pursuant to the Loan B Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan B Mortgage), by duly filing a UCC-1 on April 1, 2022 with New York State Department of State, which was assigned filing number 202204010135469 (the "*NYBC Loan B Mtg State UCC*").  True and correct copies of the Ocean Loan B Mtg State UCC and NYBC Loan B Mtg State UCC are attached as **Exhibit "P"**.

28.    As additional security for the payment of Loan B from Ocean, pursuant to the Loan B Security Agreement, Carver perfected its security interest in the Collateral (as defined in the Loan B Security Agreement), by duly filing a UCC-1 on April 1, 2022 with New York State Department of State which was assigned filing number 202204010135419 (the "*Ocean Loan B SA State UCC*").  As additional security for the payment of Loan B from NYBC, pursuant to the Loan B Security Agreement, Carver perfected its security interest in the Collateral (as defined in the Loan B Security Agreement), by duly filing a UCC-1 on April 1, 2022, with New York State Department of State, which was assigned filing number 202204010135471 (the "*NYBC Loan B SA State UCC*").  True and correct copies of the Ocean Loan B SA State UCC and NYBC Loan B SA State UCC are attached as **Exhibit "Q"**.

9

29. As additional security for the payment of Loan B from Ocean, pursuant to the Loan B Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan B Mortgage), by duly filing a UCC-1 with the Nassau County Clerk's Office on April 27, 2022 under instrument number 2022-00266184 (the "*Ocean Loan B Mtg County UCC*").  As additional security for the payment of Loan B from NYBC, pursuant to the Loan B Mortgage, Carver perfected its security interest in the Collateral (as defined in the Loan B Mortgage), by duly filing a UCC-1 with the Nassau County Clerk's Office on April 27, 2022 under instrument number 2022-00266185 (the "*NYBC Loan B Mtg County UCC*").  True and correct copies of the Ocean Loan B Mtg County UCC and the NYBC Loan B Mtg County UCC are attached as **Exhibit "R"**.

30. As additional security for the payment of Loan B from the Debtors, Jacobson for value received, executed, acknowledged and delivered to Carver, a *Guaranty Agreement*, dated as of March 31, 2022, wherein Jacobson guaranteed all obligations, indebtedness and other liabilities of the Debtors (the "*Loan B Guaranty*", and together with the Loan A Guaranty, the "*Guaranties*").  A true and correct copy of the Loan B Guaranty is attached as **Exhibit "S"**.

31. The Loan B Note, Loan B Mortgage, Loan B ALR, Loan B Security Agreement, Ocean Loan B Mtg State UCC, Ocean Loan B SA State UCC, NYBC Loan B Mtg State UCC, NYBC Loan B SA State UCC, Ocean Loan B Mtg County UCC, NYBC Loan B Mtg County UCC and Loan B Guaranty, together with all other loan documents relating to Loan B are referred to collectively herein as the "*Loan B Documents*" (collectively, with the Loan A Documents, the "*Loan Documents*").

**The Defaults**

32. The Debtors and Jacobson failed to comply with the terms of the Loan A Note and the Loan A Mortgage by failing to make the monthly payments required thereby, of principal,

10

interest and escrow, which became due on September 1, 2023 and on the first day of each month thereafter (the "*Loan A Payment Default*").

33.    The Debtors and Jacobson failed to comply with the terms and provisions of the Loan B Note and the Loan B Mortgage by failing to make the monthly payments required thereby, of principal, interest and escrow, which came due on December 1, 2023 and on the first day of each month thereafter (the "*Loan B Payment Default*").

34.    Moreover, the Debtors defaulted under the Loan Documents upon execution, which did not come to light until their bankruptcy cases were filed.  At the time the Loan Documents were executed, both of the Debtors were guarantors of another entity's debt in violation of the Loan Documents, which constituted an Event of Default under the Loan Documents.  The Debtors' obligations as guarantors were previously unknown to Carver and Lender.

35.    Specifically, both Debtors' Schedules of Liabilities list Newtek Small Business Finance LLC ("*Newtek*") as holding an unsecured claim in the amount of $5,000,000.00 based upon a guarantee.  A search of publicly filed documents in the New York State Courts Electronic Filing System revealed a foreclosure action commenced by Newtek, in which both Ocean and NYBC are named as defendants, as guarantors pursuant to U.S Small Business Administration Unconditional Guarantees dated June 30, 2021, executed in favor of Newtek (the "*Newtek Guarantees*").  Copies of the Newtek Guarantees included as exhibits to Newtek's proof of claim are attached as **Exhibit "T"**.  Ocean and NYBC's guaranty of the debt of another entity violates multiple provisions of the Loan Documents, including, but not limited to, the following: (i) Section 1.21(i) of the Mortgages; (ii) Section 1.21(xv) of the Mortgages; (iii) a "Closing Certificate" executed by Ocean and NYBC in connection with the origination of the Loans; and (iv) Section 6 of the Notes.

11

36.    Ocean and NYBC's breach of each of the above referenced provisions constitutes an "Event of Default" pursuant to Section 5.1 of the Mortgages (the "*Covenant Defaults*", and together with the Payment Defaults, the "*Defaults*").

37.    On March 27, 2026, Lender filed its proofs of claim against both Debtors' estates indicating that, as of the Petition Date, it is owed a total of $11,945,911.80, consisting of $10,789,901.59 owed on account of Loan A, plus $1,156,010.20 owed on account of Loan B [NYBC Claim No. 112] [Ocean Claim No. 2] (the "*Proof of Claim*"). A copy of Lender's Proof of Claim, without the Loan Document exhibits, is attached as **Exhibit "U"**.

38.    As part of Carver's practices, Carver had an independent appraisal on the Mortgaged Property performed on June 17, 2024. A copy of the appraisal is attached as **Exhibit "V"**.

Joshua Blisko

Sworn to before me this
5___ day of June, 2026

Notary Public



KELLY H. KOH
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Nassau County
01KO6419040
MY COMMISSION EXPIRES 08/28/2028

12

4922-0151-1600, v. 1