**RIEMER & BRAUNSTEIN LLP**
Seven Times Square Tower
New York, NY 10036
Telephone: (212) 789-3130
Matthew Burrows (NY ID 4861523)
*(Attorneys for Newtek Small Business Finance, LLC)*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing Date: 7-9-26, 10:00 a.m. |
| **EASTERN DISTRICT OF NEW YORK** | Objections Due: 7-2-26, 5:00 p.m. |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| **New York Beach Club Ltd.,** | ) | Case No. 8-26-70576-las |
| Debtor. | ) | |
| | ) | |

### MOTION, ALTERNATIVELY, FOR, RELIEF
### FROM THE AUTOMATIC STAY, PURSUANT TO 11 U.S.C.
### §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) AND (e)
### FILED ON BEHALF OF Newtek Small Business Finance LLC

TO:    THE HONORABLE LOUIS A. SCARCELLA
       UNITED STATES BANKRUPTCY JUDGE:

       ALL E-FILERS

**Newtek Small Business Finance LLC ("*Movant*")**, a secured creditor of the above-captioned debtor and party in interest herein, by and through its undersigned attorneys, Riemer & Braunstein, LLP, hereby moves for the entry of an Order or Orders, Alternatively for Adequate Protection, Relief from the Automatic Stay, to Prohibit or Condition Use of Cash Collateral, Pursuant to 11 U.S.C. §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) and (e), (the "*Motion*").

### I. **PARTIES, JURISDICTION AND VENUE.**

1.    Newtek Small Business Finance LLC is a New York limited liability company and maintains a place of business or other address for purposes of notices and service of papers located at 4800 T-Rex Avenue, Suite 120, Boca Raton, FL 33431.

2.	The above-captioned debtor, New York Beach Club, Ltd. (the "*Debtor*"), is a New York a private limited company, with its principal place of business located at 1751 Ocean Blvd., Atlantic Beach, NY 11509, and an address for purposes of service of notice and papers at 613 Eagle Avenue, West Hempstead, NY 11552 (the "*CRE*").

3.	On February 10, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the Eastern District of New York (the "*Bankruptcy Court*"), which was docketed at Case No. 8:26-70576-las (the "Petition", D.I. No. 1).

4.	On February 10, 2026, the Bankruptcy Court issued a deficient filing notice, indicating all missing documents were due to be filed fourteen days from the notice date (D.I. No. 4). On February 11, 2026, the Bankruptcy Court scheduled a case management conference for February 26, 2026 at 10:00 a.m. (D.I. No. 6), and a Notice of the first Meeting of Creditors (D.I. No. 3).

5.	The Petition listed a principal business address of the 1751 Ocean Blvd., Atlantic Beach, NY 11509, and a mailing address of the CRE, and did not designate the case as a single-asset real estate case.

6.	The Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

7.	This Motion is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (G), (M) and (O).

8.	This Motion is brought pursuant to 11 U.S.C. §§105(a) 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) and (e), and Federal Rules of Bankruptcy Procedure 4001(a) and 9014.

## II. SUMMARY OF ARGUMENTS.

9.     As set forth more fully below:

9.1.     The Debtor filed its Petition in bad faith, for the sole purpose of hindering and delaying Movant's predecessor in interest, Newtek Small Business Finance LLC in the exercise of its available rights and remedies under its loan documents for the Loan.  Accordingly, relief from the automatic stay arising under 11 U.S.C. §362(a) is appropriate pursuant to 11 U.S.C. §362(d)(1).

9.2.     There are no reasonable prospects for the Debtor's effective reorganization within a reasonable period of time.  Accordingly, relief from the automatic stay arising under 11 U.S.C. §362(a) is appropriate pursuant to 11 U.S.C. §362(d)(2).

9.3.     To the extent Newtek is denied relief from the automatic stay, it is entitled to adequate protection of its interests in the Property pursuant to 11 U.S.C. §361(2), and may not use any cash collateral generated by the Property without providing Movant with adequate protection pursuant to 11 U.S.C. §363(c)(2) and (e).

## III. BACKGROUND.

### A. Movant's Loan.

10.     As set forth in the supporting Declaration of Lisa Fadini filed herewith (the "Fadini Declaration"), on June 30, 2021, pursuant to a "Loan Agreement" entered into as of June 30, 2021 (the "Loan Agreement"), the Debtor borrowed the principal amount of $5,000,000.00 (the "Loan") from Newtek Small Business Finance LLC  ("Newtek", or "Lender").  As evidence of its obligation to repay the Loan, Debtor executed and delivered to Lender its "Note" dated June 30, 2021, in the original principal amount of $5,000,000.00 (the "Note").  Fadini Declaration, ¶ 3.  True and correct redacted copies of the Loan Agreement and Note are attached

3

to the Fadini Declaration as Exhibits "A" and "B", respectively, and are incorporated herein by reference.

11.    The Note provided for for a twenty-five (25) year term and required Borrowers to make one interest-only payment one (1) month after the date of the Note, then regular monthly payments of principal and interest, beginning two (2) months from the date of the Note, initially in the amount of $32,261.62/each.  Pursuant to the terms of the Note, the Loan would initially accrue interest at the contract rate of 6.00% *per annum* and would accrue interest thereafter at the rate of Prime (as announced in the Wall Street Journal) plus 2.75 % *per annum*, to be adjusted quarterly.  Further, the Note authorized the imposition of late fees equal to five (5%) percent of the unpaid portion of the regularly scheduled payment. Fadini Declaration, ¶ 4.

12.    To secure its obligations under the Loan Agreement and Note, the Lakewood Ranch Estates, LLC ("Lakewood") executed and delivered to Newtek a purchase money mortgage against Lakewood's real property located at 633 Eagle Avenue, West Hempstead, NY 11552 (Nassau County, Section 35, Block 425, Lots 7-8, 23, 26, and 27) (the "Property"), dated June 30, 2021, in the original principal amount of $5,000,000.00, which was duly recorded in the Office of Nassau County Clerk on April 13, 2022, in Book 46528 Page 468 (the "Mortgage"), as well as a separate "Assignment of Rents" which was recorded on April 13, 2022 in Book 46528 Page 476  (the "Assignment of Rents").  Fadini Declaration, ¶ 5. A true and correct redacted copy of the Mortgage and Assignment of Rents are attached to the Fadini Declaration as Exhibits "C" and "D" and is incorporated herein by reference.

13.    As additional security for Debtor's obligations under the Note, Borrowers executed and delivered to Newtek a "Commercial Security Agreement", dated June 30, 2021, in the original principal amount of $5,000,000.00, granting Newtek a lien on and/or security

4

interest in substantially all of their personal property (the "Security Agreement" and "Personal Property Collateral").  To perfect the security interests thus granted, Newtek duly filed a UCC-1 Financing Statement Amendment with the Secretary of State for the State of New York, Uniform Commercial Code Section, on March 31, 2021, at Financing Statement No. 202103318146089 (the "Financing Statement"). Fadini Declaration, ¶ 6. A true and correct redacted copy of the Security Agreement and Financing Statement is attached to the Fadini Declaration as Exhibits "E" and "F" and are incorporated herein by reference.

14.     As additional security for the Loan, Guarantors executed and delivered to Newtek their Unconditional Guarantees dated June 30, 2021, in the principal amount of $5,000,000.00 (the "*Guarantees*").  Fadini Declaration, ¶ 7. True and correct copies of the Guaranties are attached to the Fadini Declaration as Exhibits "G", "H", "I" and "J" and are incorporated herein by reference.

15.     The Loan is in default for the Borrowers' and Guarantors' failure to timely make all payments required under the Authorization, Loan Agreement, Note, Mortgage, Assignment of Rents, Security Agreement, and Guarantees (collectively, the "Loan Documents"), including that payment coming due on November 1, 2024, and all payments coming due since then. Fadini Declaration, ¶ 8.

### B.  The Foreclosure.

16.     Prior to filing a complaint in mortgage foreclosure, Newtek obtained foreclosure title search reports from Advantage Foreclosure Services, Inc. for the Property, including: (a) report on the Property dated January 31, 2025, together with a subsequent GAP Continuation Search indicating: Newtek's Mortgage, unpaid County taxes for calendar year 2025, unpaid school taxes for the school years running from October 1, 2024 through April 1, 2025 (the "Title

Report"). Fadini Declaration, ¶ 9. A true and correct copy of the Title Report is attached to the Fadini Declaration as Exhibit "K" and is incorporated herein by reference.

17.     On March 31, 2025, Newtek filed a Complaint in Mortgage Foreclosure against the Debtor, Guarantors and other defendants in the Supreme Court of New York in and for Nassau County at Index No. 606852/2025, and a *lis pendens* was recorded (the "Foreclosure Action"). The Debtor and Guarantor have not appeared in and contested the Foreclosure Action, an Order Granting Default Judgment and appointing a Referee to Compute the Amounts Due and Owing Plaintiff was entered on October 23, 2025 (the "Foreclosure Judgment"). A true and correct redacted copy of the Order Granting Default Judgment is attached hereto as Exhibit "M".

## C. The Bankruptcy Case.

18.     On February 10, 2026, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code (D.I. No. 1).

19.     Movant believes and avers that the Debtor's Petition was filed solely for purposes of hindering and delaying Newtek in the exercise of its available rights and remedies under the Loan Documents and applicable state law. Fadini Declaration, ¶ 11.

20.     As of February 10, 2026, the following sums were due and owing under the Loan Documents:

| | |
|---|---|
| Principal: | $2,740,964.62 |
| Interest: | 473,672.95 |
| Expenses: | 37,994.74 |
| Late Fees: | 37,900.95 |
| Miscellaneous: | 706.00 |
| **TOTAL PAYOFF:** | **$3,253,244.52** |

Plus additional daily interest accruing after 2/10/26 at the rate of Prime (as announced in the Wall Street Journal) plus 2.75 % *per annum*, to be adjusted quarterly and such additional fees and costs, including, without limitation, attorney's fees and costs, as are incurred and allowed by the terms of the

loan documents and applicable law.

Fadini Declaration, ¶ 12.

21.    Per broker's price opinion dated March 25, 2021, by All Island Valuation Services, LLC, the Property was valued as having an "as-is" fair market value of $3,450,000.00 as of March 12, 2021, based on comparable sales and listings (the "BPO").  Fadini Declaration, ¶ 13. A true and correct redacted copy of the BPO is attached to the Fadini Declaration as Exhibit "L" and is incorporated herein by reference.

22.    Comparing the foregoing Appraisal to the Title Report, it is clear that the Debtor has no equity in the Property.  Fadini Declaration, ¶ 14.

23.    The Debtor is not known to be carrying any property, casualty and liability insurance on the Property, and Movant may be compelled to obtain its own, "force-placed" insurance on the Property in order to protect its security interests therein. Fadini Declaration, ¶ 15.

## IV.  RELIEF REQUESTED.

### A.  Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1), (d)(2).

24.    Paragraphs 1 through 23 above are incorporated herein by reference.

25.    Debtor has not offered to provide adequate protection of the Movant's security interests and liens in the Property and Cash Collateral.

26.    Whatever interest in the Property Debtor might have, and Movant's security interests therein under the Mortgage, are not being adequately protected, because the value of the Property is subject to continued erosion by accruals of interest and taxes.

27.    For the foregoing reasons, cause exists under 11 U.S.C. §362(d)(1) for granting relief from the automatic stay, including not just a lack of adequate protection, but the facts that

7

the Petition was filed in bad faith, without any intent to reorganize, for the sole purpose of delaying the Referee's Auction of the Property.

28.    Cause also exists for granting relief from the automatic stay under 11 U.S.C. §362(d)(2) to the extent that the Debtor has no equity in the Property, and there being no prospects for a successful reorganization within a reasonable period of time, the Property is not necessary for the Debtor's reorganization.

29.    The grounds referred to above constitute sufficient cause for lifting the automatic stay to permit Newtek to proceed with enforcement of its rights and remedies under its Loan Documents and applicable law, including, without limitation, the holding and consummation of the Referee's Auction of the Property, and application by Movant of any proceeds received against the Loan balances.

**WHEREFORE**, Newtek Small Business Finance LLC respectfully requests that this Honorable Court enter an Order or Orders: (a) granting relief from the automatic stay, so as to enable it to proceed with the exercise of its available rights and remedies under the Loan Documents, including, without limitation, continuing with execution on the Foreclosure Judgment and the Referee's Auction of the Property, and applying any proceeds received against the Loan balances due; and (b) waiving the fourteen (14) day stay imposed by operation of Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

**FURTHERMORE,** Newtek Small Business Finance LLC respectfully requests that the Court enter an Order or Orders granting such other and further relief as is just and proper under the circumstances.

<u>**NOTICE**</u>

8

30.    Notice of this Motion will be provided by facsimile, electronic transmission or mail delivery (except as otherwise noted) to (a) the Debtor, and (b) the United States Trustee for the Eastern District of New York.  In light of the nature of the relief requested herein, Newtek submits that no other or further notice need be given and that the notice provided by Newtek is sufficient.

**NO PRIOR REQUEST**

31.    No prior request for the relief sought in this Motion has been made to this or any other court in connection with this chapter 11 case.

Respectfully submitted,

**RIEMER & BRAUNSTEIN, LLP**

Dated: New York, NY
      June 9, 2026

By: _*Matthew Burrows*_____
Matthew Burrows, Esquire (NY ID 4861523)
Seven Times Square Tower
New York, NY 10036
Telephone: (212) 789-3130
e-mail: mburrows@reimerlaw.com
*(Attorneys for Newtek Small Business Finance LLC)*

4743531.2