Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Debtors and
Debtors in Possession
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re:

NEW YORK BEACH CLUB, LTD.,

                  Debtor.
--------------------------------------------------------------X
In Re:

OCEAN BLVD., LLC,
las

                  Debtor.
--------------------------------------------------------------X

Chapter 11
Case No. 8-26-70576-las

Chapter 11
Case No. 8-26-70577-

**MOTION FOR ORDER: (A) GRANTING PROVISIONAL APPROVAL OF ADEQUACY OF THE COMBINED DISCLOSURE STATEMENTS AND PLANS OF LIQUIDATION, DATED JULY 27, 2026; (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES. IF ANY, TO ACCEPT OR REJECT THE COMBINED PLAN; (C) SCHEDULING A HEARING ON CONFIRMATION OF THE COMBINED PLAN; (D) APPROVING RELATED NOTICE PROCEDURES**

**To:    THE HONORABLE LOUIS A. SCARCELLA**
       **UNITED STATES BANKRUPTCY JUDGE**

New York Beach Club, Ltd. ("NYBC") and Ocean Blvd., LLC ("Ocean Blvd," and

collectively with NYBC, the "Proponents"), the above-captioned debtors and debtors in

possession, submit this motion (the "Motion") seeking entry of an order (the "Scheduling Order")

(i) under sections 105(a), 105(d)(2)(B)(vi) and 1125(b) of title 11, United States Code (the

"Bankruptcy Code") provisionally approving the adequacy of the information contained in the

1

Combined Disclosure Statements and Plans of Liquidation, dated July 27, 2026 [26-70576-las ECF Doc. No. 136; 26-70577-las ECF Doc. No. 102] (the combined information disclosures hereinafter defined as the "Disclosures," and the combined plan provisions hereafter defined as the "Plan"); (ii) establishing procedures and deadlines for solicitation and tabulation of votes, if any, to accept or reject the Plan; (iii) scheduling a hearing for the approval of the combined Disclosures and Plan and confirmation of the Plan thereof (the "Combined Hearing"); (iv) approving related notice procedures; and (v) granting such other and further relief as is just and proper.  In support of the Motion, the Proponents respectfully states as follows:

**JURISDICTION**

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.        The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(d)(2)(B)(vi) and 1125(b), Rules 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Bankruptcy Rules for the Eastern District of New York.

**BACKGROUND**

3.        On February 10, 2026 (the "Petition Date"), the Debtors each commenced a case in this Court by the filing of their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.        NYBC is a privately-owned corporation organized under the laws of the State of New York and Ocean Blvd. is a limited liability company organized under the laws of the State of New York.

2

5.      Ocean Blvd. owns real property located at and known 1751 Ocean Boulevard, Atlantic Beach, New York 11509 (the "Property").  The Property has been improved with 17 cabana buildings (17,639 square feet), 5 locker buildings (1,764 square feet), an office building (887 square feet), a restaurant building (2,083 square feet), two pools and a basketball court.

6.      NYBC owns and operates a seasonal summer beach club on the Property under a non-residential lease agreement.  NYBC successfully opened the 2026 beach club season on time and under budget.  Additional information about the Debtors' business and the events leading up to the Petition Date can be found in NYBC's "Debtor's Local Rule 1007-4 Affidavit of Alexander Jacobson" dated February 10, 2026 [26-70576-las ECF Doc. No. 21], Ocean Blvd.'s "Debtor's Local Rule 1007-4 Affidavit of Alexander Jacobson" dated February 10, 2026 [26-70577-las ECF Doc. No. 5], as well as in the Disclosures and Plan.

7.      The pre-petition state court receiver, Michael Sepe, Esq., has continued in that role with the authorization of the Bankruptcy Court, with the Debtors continuing to operate under Alexander Jacobson's oversight, with all financial decisions and ultimate management decisions made by the Receiver.

8.      To date, no committee, trustee or examiner has been appointed in this case.

9.      At this time, the Debtors believe it to be in the best interests of the Debtors, their respective estates, their respective creditors, and the equity holder to proceed with a plan of liquation for both Debtors, but with a reservation of rights to reinstate or refinance the Debtors existing loans secured by the Property and the assets of NYBC as long as either of those secondary options bring the Debtors current with all of their creditors.

10.     The Debtors believe that moving forward in as expeditious manner as possible to bring the Disclosures and the Plan to the Court, their respective creditors and other parties in

3

10097614.1

interest, including the Office of the United States Trustee is the most prudent manner of proceeding.  Such process is also necessary to show existing beach club members and prospective members that operations continue as they have normally with a view toward and intent of opening on time for a 2027 summer season.  Solicitation of 2027 memberships commence August 1, 2026, and the Debtors believe the proposed process will provide comfort to persons desirous of seeing and experiencing a 2027 summer beach season at New York Beach Club.

## RELIEF REQUESTED

11.     By this Motion, the Proponents of the Plan respectfully request entry of an order: (a) approving on a preliminary basis  the adequacy of the information in the Disclosure; (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan; (c) scheduling a hearing for final approval of the "adequate information" in the Disclosures and confirmation of the Plan; and (d) approving related notice procedures.

### I.     Preliminary Approval of the Disclosure Statement

12.     Pursuant to Bankruptcy Code §1125(a), Proponents of a chapter 11 plan must provide creditors and equity interest holders with "adequate information" regarding the proposed plan.  In that regard, section 1125(a)(1) provides: "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan…." 11 U.S.C. § 1125(a)(1); *see also In re RVC, LLC*, 485 B.R. 492, 495 (Bankr. E.D.N.Y. 2012) ("The Code requires that the Court determine whether a disclosure statement contains 'adequate information' to allow a 'hypothetical investor' to make an 'informed judgment' about whether to vote for or against the proposed plan."). "The standard

4

for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis with the determination being largely within the discretion of the bankruptcy court." *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) (internal citations omitted); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.3d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case"); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties"); S. Rep. No. 95- 989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case").

13.    The Plan as submitted does not have any impaired classes, but the Debtors seek solicitation and voting procedures in the event one or more class is found to be impaired by the Court.

14.    The Proponents submit that the Disclosures contain "adequate information" within the meaning of Bankruptcy Code §1125(a)(1).  Specifically, the Disclosures include the pertinent information necessary for holders of eligible claims and interests to make an informed decision whether to vote to accept or reject the Plan, including, among other things, information concerning (i) the Plan, including a summary of the classification and treatment of all classes of creditors and equity interests; (ii) the distributions to be made under the Plan on or after the effective date of the

5

Plan; (iii) information regarding feasibility of the Plan; and (iv) all releases contemplated under the Plan.

15. The Disclosures also provide background information on the Debtors, their prepetition business and indebtedness, and the events leading to the Chapter 11 Cases. Moreover, the Debtors are current with their monthly operating reports which provide additional information should a creditor seek additional information it may find useful in weighing whether to accept the Plan. *See, e.g., Century Glove*, 81 B.R. at 279 ("Because § 1125(a)(2)(C) contemplates that the typical investor will have information available to it regarding debtor's affairs through sources other than the disclosure statement, the adequacy of information will be determined with a view to a typical investor's outside sources.").

16. The Debtors seek to proceed on the more expedited path to confirmation provided for by combining its necessary disclosures in the same document as the Plan provisions and seeking preliminary approval of the adequacy of the disclosed information because the (i) the Debtors' exclusivity period for solicitation of acceptances of the Plan currently expires on September 24, 2026; (ii) the Debtors' background and business are inextricably intertwined yet not overly complicated; (iii) the Debtors have few creditors, the largest of which, including their senior secured creditor, are sophisticated business persons who have been active in the cases to date; (iv) the proposed Plan is a straightforward plan of liquidation that moves forward a process to sell the Debtors' assets for an anticipated sale price well in excess of the total amount of claims asserted against them; and (v) as discussed above, the Debtors are, as they do every year, working toward a 2027 summer beach season at New York Beach Club and believe that path maintains and may create additional going concern value for the sale process. The Debtors respectfully submit that those factors support proceeding in the requested manner through the combined disclosure

statement and plan process contemplated and permitted by Section 105(d)(2)(B)(vi) of the Bankruptcy Code.

17.    The Proponents will continue to review the Disclosures and Plan, discuss the contents of same with the active parties in interest in these cases, and any other parties and, based upon their ongoing review and further material developments in the Chapter 11 Cases, if any, may make additional changes and disclosures prior to or at the Combined Hearing.  Any such additional disclosures would only increase the amount of information being provided to parties in interest, and, consequently, will only further demonstrate that the Disclosures and Plan contain adequate information.

18.    Accordingly, given the facts and circumstances of these chapter 11 cases, the Disclosures contain adequate information within the meaning of Bankruptcy Code §1125. Therefore, the Proponents request that the Court provisionally approve the Disclosures as containing "adequate information" pursuant to Bankruptcy Code §§ 105(d)(2)(B)(vi) and 1125(b) and schedule a hearing for final approval of the Debtors' Disclosures as being "adequate information" and confirmation of the Plan.

## II.    Establishment of Voting Deadline and Record Date

19.    As currently presented, all classes of creditors are deemed to have accepted the Plan because their respective treatments are unimpaired thereby not requiring any voting at all. However, in the event a party or parties believe they are entitled to vote because they ultimately prove they are impaired, the Debtors seek the establishment of voting procedures.

20.    Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of a disclosure statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan. . . ." Fed. R. Bankr. P. 3017(c).  The Proponents request that the

7

Court establish a voting deadline seven (7) days prior to the scheduled Hearing by which all Ballots (as defined below), if any are necessary, accepting or rejecting the Plan must be properly executed, completed and delivered to Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, East Meadow, New York 11554.

21.     Generally, the record date for plan voting purposes is the date that the court enters an order approving the disclosure statement. *See* Fed. R. Bankr. P. 3017(d). Accordingly, the Proponents request that the Court establish the record date in this case for purposes of determining which creditors, if any, are entitled to vote on the Plan as the date on which an order provisionally approving the Disclosure Statement is entered by the Court (the "Record Date").

### III.     Approval of Forms of Ballot

22.     Bankruptcy Rule 3017(d) requires Proponents of a plan to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  As discussed above, the Debtors believe that the Plan as proposed does not impair any creditors or equity security holders. Regardless, the Proponents propose that the Proponents distribute a ballot (the "Ballot"), substantially in the form attached as Exhibit 1 to the proposed Scheduling Order in accordance with the solicitation procedures set forth herein.  The proposed Ballot is based on and substantially conforms to Official Form No. B-314.

23.     As set forth in the proposed Scheduling Order, to be counted, all Ballots must be properly executed, completed and delivered either (a) by first class mail, (b) by overnight mail service, (c) e-mail to rnosek@certilmanbalin.com; or (d) by personal delivery so that, in each case, they are actually received no later than the Voting Deadline. Delivery of a Ballot by facsimile or any other electronic means not otherwise provided for above will not be accepted or counted. The

8

Proponents will (i) accept, review, validate and tabulate Ballots, and (ii) report to the Court on the votes for acceptance and rejection of the Plan in a reasonable and timely manner.

### IV. Approval of Solicitation Procedures

24. In order to conduct an effective solicitation of the Plan in a manner consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules, the Proponents seek entry of an order approving the solicitation procedures set forth below.

25. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan. Specifically, Bankruptcy Rule 3017(d) provides in relevant part:

> Upon approval of a disclosure statement, — except to the extent the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, Proponents of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States Trustee, (1) the plan, or a court approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and rejections of such plan may be filed; and (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan. Fed. R. Bankr. P. 3017(d).

26. Pursuant to the applicable provisions of the Bankruptcy Code, only those classes of claims or equity interests that are both (i) "impaired" by a chapter 11 plan, and (ii) entitled to receive a distribution under such a plan are entitled to vote on a chapter 11 plan. Under the

9

proposed Plan, none of the holders of claims against the Debtors are impaired and are deemed to accept the Plan.  The holders of Interests are also not impaired under the Plan.

27.    The Proponents proposes that within three (3) business days after entry of the Scheduling Order, the following solicitation materials (collectively, the "Solicitation Package") will be distributed to (a) all known creditors of the Debtors whether scheduled or having filed proofs of claim; (b) all known interest holders of the Debtors as of the Record Date; (c) all parties in interest that have filed notices in accordance with Bankruptcy Rule 2002 in the Debtors' Chapter 11 Cases on or before the Record Date; (d) the United States Trustee; and (e) the U.S. Securities and Exchange Commission:

      a.    the Scheduling Order;

      b.    the Disclosures and Plan;  and

      c.    if applicable, a Ballot, including voting instructions.

28.    If a Solicitation Package is returned as undeliverable, the Proponents shall resend such Solicitation Package only once, provided that the United States Postal Service has included a forwarding address at least ten (10) business days before the Voting Deadline.

29.    The Proponents requests authority to make non-substantive modifications to the Disclosures and Plan and other documents in the Solicitation Package prior to distribution in order to insert dates and deadlines or make corrections or modifications of a typographical, conforming, or ministerial nature.

30.    The Proponents believe that the solicitation procedures set forth above are well designed and tailored to effectively solicit votes to accept or reject the Plan.

**V. Approval of Tabulation Rules**

31.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim or Interest, and without prejudice to the rights of the Debtors in any other context, the Proponents proposes that each Claim within Classes 1-5 shall be counted, if necessary, in accordance with the following rules (collectively, the "Tabulation Rules"):

    a.  Unless otherwise provided in the Creditor Tabulation Rules described below, a Claim will be deemed temporarily counted for voting purposes in an amount equal to (i) if a timely filed proof of claim has not been filed, the undisputed amount of such claim as set forth in the Schedules filed by the respective Debtors, or (ii) the amount of such claim as set forth in a timely filed proof of claim;

    b.  If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

    c.  If a Claim is listed in the Schedules of a Debtor as contingent, unliquidated or disputed and a proof of claim was not timely filed, such claim will be disallowed for voting purposes;

    If either of the Debtors have filed and served an objection to a Claim by no later than August 15, 2026, such claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection; and

    d.  If a Claim Holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily counted for voting purposes in the lesser amount identified on such Ballot.

32.     If any Creditor seeks to challenge the amount of its Claim for voting purposes in accordance with the Tabulation Rules, such Creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion

11

on (i) Certilman Balin Adler & Hyman, LLP (Attention: Richard J. McCord, Esq.), counsel to the Debtors; (ii) Office of the United States Trustee, Alfonse D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, (Attn: William J. Birmingham, Esq.), so that it is received no later ten (10) days prior to the Hearing, or such other deadline as established by the Court. The Proponents proposes that they shall have until two (2) days prior to the Hearing, or such other deadline as established by the Court to file any reply to a Rule 3018 Motion. Any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

33.    In tabulating the Ballots, the following additional procedures shall be utilized: (a) only ballots actually received by the Voting Deadline, if any, will be counted; (b) the Proponents expressly reserve the right to extend the Voting Deadline until properly completed ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code § 1126 have been received; (c) a failure to return a ballot will not be counted either as a vote for or against the Plan (improperly completed or late ballots will not be counted); (d) any ballot that indicates both an acceptance and rejection of the Plan will be deemed a vote to accept the Plan; (e) if a Creditor casts more than one ballot voting the same Claim before the Voting Deadline, the latest dated ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots; and (f) Creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes within a particular Class; thus, a

12

ballot (or a group of ballots) within a particular Class received from a single Creditor that partially rejects and partially accepts the Plan will be deemed to have voted to accept the Plan.

**V.        Confirmation Hearing and Deadline for Filing Objections to Confirmation**

34.        Bankruptcy Rule 3017(c) provides: On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

35.        In accordance with Bankruptcy Rule 3017(c), and subject to the Court's calendar, **the Proponents request that the Court schedule the Confirmation Hearing during the last week of August (August 31, 2026 – September 4, 2026)**, or such earliest date thereafter the Court has calendar availability.  The Confirmation Hearing may also be continued from time to time by the Court without further notice other than adjournments announced in open court. The proposed timing for the Confirmation Hearing and the notice thereof that will be provided comply with the Bankruptcy Code and the Bankruptcy Rules and will enable the Debtors to pursue confirmation of the Plan in a timely manner.

36.        Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). The Proponents request that the Court establish the seventh (7th) day prior to the Hearing, , at 5:00 p.m. (prevailing Eastern Time) as the deadline (the "Confirmation Objection Deadline") by which parties in interest must file objections, if any, to (i) final approval of the adequate information contained in the Disclosures and Plan and confirmation of the Plan.  The Debtors further request that any objections must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Court and a copy served on (i) Certilman Balin Adler &

13

Hyman, LLP (Attention: Richard J. McCord, Esq.), counsel to the Debtors; (ii) Office of the United States Trustee, Alfonse D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, (Attn: William J. Birmingham, Esq.), so that such objections are received no later than the Confirmation Objection Deadline. Moreover, the Proponents request that any reply to a timely filed objection to the Plan be filed with the Court no later than 4:00 p.m., two (2) days prior to the Hearing, or such other deadline as established by the Court (the "Reply Deadline").

37.    The Proponents also proposes that it be given until the Reply Deadline to file with the Court a ballot certification and any direct declaration(s) from the Proponents in support of confirmation of the Plan which address, among other things, compliance with the various Bankruptcy Code and Bankruptcy Rules requirements for confirmation of a plan.

38.    The Proponents believe the proposed timing for filing and service of objections to confirmation of the Plan will afford the Court and the Proponents, and other parties in interest, sufficient time to consider any objections prior to the Confirmation Hearing.

## NOTICE

39.    The Debtors propose to provide by overnight delivery or the Court's ECF service procedures a copy of this Motion and exhibits to (i) the Debtors (ii) the United States Securities and Exchange Commission; (iii) the Office of the U.S. Trustee for Region 2; (iv) all parties having entered a notice of appearance as of the filing of this Motion; and (vi) and any party in interest who requests a copy in writing, as required by Bankruptcy Rule 3017(a).

40.    Upon entry of the Scheduling Order, the Debtors propose to provide within two (2) business days after entry of such order, by first class mail, a copy of the Solicitation Package upon the following parties or to their counsel, if known: (i) all of the creditors listed in the Debtors' respective schedules that have not filed a proof of claim or that have filed a proof of claim in the

14

Debtors' cases; (ii) all parties on the Debtors' respective List of Equity Security Holders or that have filed a proof of interest; (ii) all parties whom or which have filed a notice of appearance in this case as of the filing of this Motion; (iv) the Office of the United States Trustee for Region 2; and (v) the United States Securities and Exchange Commission.

**WHEREFORE**, the Proponents respectfully request that the Court (i) enter the proposed Scheduling Order, in a form substantially as annexed hereto as Exhibit A; (ii) find that the Disclosures and Plan contain "adequate information" on a provisional basis only and  (iii) grant such other and further relief as may be just and proper.

DATED:      July 30, 2028
                  East Meadow, New York

Counsel to New York Beach Club, Ltd. and
Ocean Blvd., LLC


/s/Robert D. Nosek, Esq.
Richard McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
Telephone: (516) 296-7000
Facsimile:  (516) 296-7111
Email: rmccord@certilmanbalin.com

15

10097614.1