UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re:

                                                    Chapter 11

NEW YORK BEACH CLUB, LTD.,                    Case No. 8-26-70576-las

              Debtor.
---------------------------------------------------------------X
In Re:

                                                    Chapter 11

OCEAN BLVD., LLC,                              Case No. 8-26-70577-las

              Debtor.
---------------------------------------------------------------X

### ORDER (A) PROVISIONALLY APPROVING ADEQUACY OF THE COMBINED DISCLOSURE STATEMENTS AND PLANS OF LIQUIDATION, DATED JULY 27, 2026, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENTS AND PLANS OF LIQUIDATION, (C) SCHEDULING A HEARING ON CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENTS AND PLANS OF LIQUIDATION, AND (D) APPROVING RELATED NOTICE PROCEDURES

Upon the motion [26-70576-las ECF Doc. No. ___; 26-70577-las ECF Doc. No. ___] (the "Motion") of New York Beach Club, Ltd. and Ocean Blvd., LLC. (collectively, the "Debtors"), the above-captioned debtors and debtors-in possession, seeking entry of an order (the "Scheduling Order") (i) under sections 105(a), 105(d)(2)(B)(vi) and 1125(b) of title 11, United States Code (the "Bankruptcy Code") provisionally approving the adequacy of the information contained in the Combined Disclosure Statements and Plans of Liquidation, dated July 27, 2026 [26-70576-las ECF Doc. No. ___; 26-70577-las ECF Doc. No. ___] (the "Disclosures and Plan"); (ii) establishing procedures and deadlines for solicitation and tabulation of votes, if any are necessary, to accept or reject the Disclosures and Plan; (iii) scheduling a hearing for the final approval of the Disclosures and confirmation of the Plan (the "Combined Hearing"); (iv) approving related notice procedures; and (v) granting such other and further relief as is just and proper.; and the Court having reviewed the Motion and the Disclosures and Plan, dated July 27, 2025, and the Court having

determined that the legal and factual bases for finding that, on a preliminary basis, the Disclosures contain "adequate information" and granting related relief establishes just cause for the relief granted herein;

**THE COURT HEREBY FINDS THAT:**

A.    Capitalized terms not otherwise defined in this Scheduling Order shall have the meanings ascribed to such terms in the Disclosures and Plan, as the case may be.

B.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.    The Notice of the Disclosures and Plan and Hearing as proposed is, upon effectuation, sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules.

E.    The Disclosures contain, on a preliminary basis only subject to final order, "adequate information" within the meaning of, and as required by, Bankruptcy Code § 1125.

**IT IS HEREBY ORDERED THAT:**

1.    The Disclosures are hereby, on a preliminary basis only, **APPROVED** solely for purposes of soliciting acceptance of the Plan, and remain subject to final approval of the Disclosures and confirmation of the Plan.

2.    The Ballot, substantially in the form attached hereto as **Exhibit 1**, is hereby approved.

3.    The Ballot shall be distributed to Holders of Claims, if any, in Classes 1-5 entitled to vote to accept or reject the Plan.

4.       To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered to Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, East Meadow, New York 11554 Attn:  Richard J. McCord, Esq., either (a) by first class mail,  (b) by overnight mail service, or (c) by personal delivery, or (d) via e-mail to rnosek@certilmanbalin.com; so that, in each case, they are **actually received no later than 5:00 p.m. (Eastern Standard Time)** on _____, 2026 (the "Voting Deadline"). Delivery of a Ballot by facsimile or any other electronic means not otherwise provided for above will **not** be accepted or counted.

5.       Solely for purposes of voting to accept or reject the Plan  and not for the purpose of the allowance of, or distribution on account of, a Claim or Equity Interest, and without prejudice to the rights of the Debtors in any other context, the Proponents propose that each Claim within Classes 1-5 shall be counted in accordance with the following rules (collectively, the "Tabulation Rules"):

i.   Unless otherwise provided in the Creditor Tabulation Rules described below, a Claim will be deemed temporarily counted for voting purposes in an amount equal to (i) if a timely filed proof of claim has not been filed, the undisputed amount of such claim as set forth in the Schedules filed by the respective Debtors, or (ii) the amount of such claim as set forth in a timely filed proof of claim;

ii.   If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

iii.   If a Claim is listed in the Schedules of a Debtor as contingent, unliquidated or disputed and a proof of claim was not timely filed, such claim will be disallowed for voting purposes;

iv.   If either of the Debtors have filed and served an objection to a Claim by no later than August 15, 2026, such claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection; and

v. If a Claim Holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily counted for voting purposes in the lesser amount identified on such Ballot; and

6. If any Creditor seeks to challenge the amount of its Claim for voting purposes in accordance with the Tabulation Rules, such Creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on (i) Certilman Balin Adler & Hyman, LLP (Attention: Richard J. McCord, Esq.), counsel to the Debtors; (ii) Office of the United States Trustee, Alfonse D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, (Attn: William J. Birmingham, Esq.), so that it is received no later ten (10) days prior to the Hearing, or such other deadline as established by the Court. The Proponents proposes that they shall have until two (2) days prior to the Hearing, or such other deadline as established by the Court to file any reply to a Rule 3018 Motion. Any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

7. In tabulating the Ballots, the following additional procedures shall be utilized: (a) only ballots actually received by the Voting Deadline, if any, will be counted; (b) the Proponents expressly reserve the right to extend the Voting Deadline until properly completed ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code § 1126 have been received; (c) a failure to return a ballot will not be counted either as a vote for or against the Plan (improperly completed or late ballots will not be counted); (d) any ballot that indicates both an acceptance and

4

rejection of the Plan will be deemed a vote to accept the Plan; (e) if a Creditor casts more than one ballot voting the same Claim before the Voting Deadline, the latest dated ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots; and (f) Creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes within a particular Class; thus, a ballot (or a group of ballots) within a particular Class received from a single Creditor that partially rejects and partially accepts the Plan will be deemed to have voted to accept the Plan.

8.      The confirmation hearing is scheduled for _____, 2026, at __:__ _.m. (**Eastern Standard Time)** (the "Confirmation Hearing").  The Confirmation Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

9.      Objections, if any, to final approval of the Disclosures and/or confirmation of the Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Equity Interest of such party; (c) state with particularity the basis and nature of any objection to final approval of the Disclosures ad/or confirmation of the Plan; (d) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; and, (e) filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy served in accordance with General Order 559 or other form upon (i) Certilman Balin Adler & Hyman, LLP (Attention: Richard J. McCord, Esq.), counsel the Debtor; and (ii) Office of the United States Trustee, Alfonse D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, (Attn: William J.

5

Birmingham, Esq.), so as to be actually received on or before _____**, 2026** at **5:00 p.m. (Eastern Standard Time)** (the "Confirmation Objection Deadline").

10. Replies, if any, to a timely filed objection to final approval of the Disclosures and/or confirmation of the Plan, as well as any statement or declaration in support of the Disclosures and Plan and/or a vote tabulation declaration shall be filed with the Court, with a hard copy served in accordance with General Order 559 or other form by _____**, 2026** at **12:00 p.m.**

11. The record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Record Date") shall be the date of entry of this Scheduling Order on the docket of the Debtors' respective Chapter 11 Cases.

12. The Debtors shall serve this Scheduling Order, the Disclosures and Plan and a Ballot (if applicable) (the "Solicitation Package"), by first class mail, postage prepaid, by no later two (2) business days after entry of this Scheduling Order to: (a) all known creditors of the Debtor whether scheduled or having filed proofs of claim as of the Record Date; (b) all known holders of Equity Interests of the Debtor as of the Record Date; (c) all parties in interest that have filed notices in accordance with Bankruptcy Rule 2002 in the Debtors' Chapter 11 Cases on or before the Record Date; (d) the United States Trustee; and (e) the U.S. Securities and Exchange Commission.

13. If a Solicitation Package is returned as undeliverable, the Debtors shall resend such Solicitation Package only once, provided that the United States Post Office has included a forwarding address at least ten (10) business days before the Voting Deadline.

14.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Scheduling Order without seeking further Order of the Court.

15.     The Court shall retain jurisdiction over the interpretation and enforcement of this Scheduling Order.