UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:

NEW YORK BEACH CLUB, LTD,

                Debtor.

----------------------------------------------------------------X

In re:

OCEAN BLVD, LLC,

                Debtor.

----------------------------------------------------------------X

Chapter 11

Case No.: 8-26-70576-las

Chapter 11

Case No. 8-26-70577-las

**ORDER AUTHORIZING THE RETENTION OF NORTHGATE REAL ESTATE GROUP, LLC AS REAL ESTATE ADVISOR**

Upon the application [NYBC ECF Dkt. No. 127] [Ocean ECF Dkt. No. 93], dated July 21, 2026, (the "Application") of New York Beach Club Ltd ("NYBC") and Ocean Blvd LLC ("Ocean") (NYBC and Ocean, together, the "Debtors") for an Order of the Court authorizing the Debtors and Debtors in Possession to retain Northgate Real Estate Group, LLC ("Northgate"), as Real Estate Advisor to the Debtors and Debtors in Possession and seeking shortened notice and scheduling of a hearing to consider the relief sought in the Application; and upon the Declaration of Richard J. McCord, Esq., in support of the Application (the "McCord Declaration") [NYBC ECF Dkt. No. 128] [Ocean Dkt. No. 94]; and upon the Declaration of Greg Corbin in Support dated July 21, 2026 (the "Corbin Declaration") [NYBC ECF Dkt. No. 128-1] [Ocean Dkt. No. 94-1]; and the Court having entered an order on July 21, 2026 [NYBC ECF Dkt. No. 129] [Ocean Dkt. No. 95] granting the request of the Debtors [NYBC ECF Dkt. No. 128] [Ocean Dkt. No. 94] for an order seeking shortened notice and scheduling of a hearing to consider the relief sought in the Application; and upon the Limited Objection of 1751 Ocean LLC to Debtors' Application for

1

the Retention of Northgate Real Estate Group, LLC as Real Estate Advisor, dated July 22, 2026 [NYBC ECF Dkt. No. 134] [Ocean Dkt. No. 100] filed by 1751 Ocean LLC ("1751 Ocean"), the Debtors' senior secured creditor; and a hearing having been held by this Court on July 23, 2026 (the "Hearing") at which appeared (i) Robert D. Nosek, Esq., counsel to the Debtors; (ii) Alexander V. Jacobson, principal of the Debtors; (iii) Andrew S. Muller, Esq., counsel to 1751 Ocean; (iv) Michael Sepe, the Receiver; (v) William J. Birmingham, for the Office of the United States Trustee; and (vi) Greg Corbin for Northgate, with the record of such Hearing incorporated herein by reference; and it satisfactorily appearing to the Court that Northgate represents no interest adverse to the Estate of the Debtors and Debtors In Possession in the matter upon which Northgate is to be engaged and is a disinterested person within the meaning of Section 327(a) and 101(14) of the Bankruptcy Code; it is, for the reasons set forth on the record of the Hearing, therefore

ORDERED, that pursuant to 11 U.S.C. §327(a), Federal Rule of Bankruptcy Procedure 2014 and EDNY Local Rule 2014-1, the Debtors and Debtors In Possession shall be and are hereby authorized to employ and retain Northgate as Real Estate Advisor to the Debtors, on the terms set forth in the Application, the Corbin Declaration and the Retention Agreement ("Agreement"), as annexed to the Application as Exhibit B, except to the extent modified herein, to market, offer to sell, or work out a resolution on all or any portion of the real property and/or air rights located at 1751 Ocean Boulevard, Atlantic Beach, New York 11509 (the "Property") and/or the business known as New York Beach Club, Ltd. (the "Business"), (Property, and the Business, collectively, the "Assets"), effective from the date of the Debtor's execution of the Agreement, to the sooner of the closing of a sale of the Assets or other transaction contemplated by the Agreement, or for the period of one hundred eighty (180) days from entry of the Court's approving order; provided, however, that as between the parties thereto, the Agreement is effective and binding as a contract

upon execution (the "Term"); it is further

**ORDERED**, that the last sentence of paragraph 3 of the Agreement concerning any automatic extension of the Term is stricken from the Agreement, provided, however, unless the Agreement is otherwise terminated by either party upon at least thirty (30) days' prior written notice, within thirty (30) days prior to the expiration of the Term, the Debtors, Northgate and 1751 Ocean, directly or through counsel, shall meet and confer concerning an extension to the Term and thereafter file a joint status letter concerning any extension or opposition or conditions thereto by the parties to be filed with the Court, with a copy to the Office of the United States Trustee, by no later than fourteen (14) days prior to the expiration of the Term, with such status letter to include a proposed order extending the Term in the event the parties agree on the parameters of such extended term; and it is further

**ORDERED**, that any request for compensation for any transaction included within the Agreement by Northgate shall be done by fee application to this Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2016, EDNY Local Rule 2016-1, and the EDNY Local Guidelines and the Guidelines of the Office of the United States Trustee (collectively, the "Guidelines"), with all required notice and a hearing required for applications by Section 327(a) professionals, with Northgate required to establish as part of that fee application the reasonableness of the compensation requested for the transaction included with the Agreement for which such compensation is sought (the "Fee Application"); and it is further

**ORDERED**, that because Northgate's compensation is contingent and transaction-based, Northgate shall not be required to maintain or submit contemporaneous time records in connection with any Fee Application, and the time-keeping requirements of the Guidelines are waived as to Northgate; and it is further

3

**ORDERED**, that Northgate shall simultaneously provide the Debtors, 1751 Ocean and the Office of the United States Trustee every fourteen (14) days, commencing fourteen (14) days after entry of this Order, with a report reflecting the ongoing results of Northgate's marketing efforts, to the extent such information is readily available to Northgate, including (i) the number of live, e-mailed or texted, inquiries into any or all of the Assets (as defined in the Application); (ii) the number of non-disclosure/confidentiality agreements sent out by Northgate to interested parties, and the number returned executed by the interested party; (iii) if a data room is established, the number of interested parties given access to that data room, and the number of interested parties with access whom have actually accessed that room; (iv) the number of interested parties who attend any on-site walk-throughs or showings of the Assets; (v) the number of letters of intent or term sheets received from a unique interested party; (vi) the number of targeted recipients sent information about the Assets in any bulk postal mailing or bulk email; and (vii) the identity of any website or social media platform and the number of unique hits on such webpage or social media page on which Northgate places information concerning the Assets; and it is further

**ORDERED,** that notwithstanding any language or provision in the Application, the Agreement, the McCord Declaration, the Corbin Declaration, or this Order, the rights of the Office of the United States Trustee to object to the reasonableness, or on any other grounds, of any and all compensation to be paid to Northgate are fully reserved; and it is further

**ORDERED**, that notwithstanding any language or provision in the Application, the Agreement, the McCord Declaration, the Corbin Declaration, or this Order, the rights of any and all parties in interest in the Debtors' cases, including, but not limited to, 1751 Ocean, to object to the Fee Application and any reasonableness of fees sought by Northgate therein and/or the Additional Period (as defined in the Agreement) are hereby preserved; and it is further

**ORDERED**, that on the same basis, notwithstanding any language or provision in the Application, the Agreement, the McCord Declaration, the Corbin Declaration, or this Order, all rights, claims, defenses, and arguments of the Debtors and of Northgate in connection with any Fee Application, including the Debtors' rights under section 506(c) of the Bankruptcy Code and Northgate's rights and entitlements under the Agreement, are hereby preserved; and it is further

**ORDERED**, that notwithstanding any language or provision in the Application, the Agreement, the McCord Declaration, the Corbin Declaration, or this Order, in the event of any sale or other disposition of any of the Assets in or in connection with the pending state court foreclosure action respecting the Property, the rights of all parties in interest, including 1751 Ocean, to object to any fee or commission sought by Northgate on account thereof, and the rights of Northgate and the Debtors to seek, support, and establish entitlement to any such fee or commission, are hereby reserved and preserved, and nothing in this Order shall constitute a determination of Northgate's entitlement to, or the amount of, any such fee or commission; and it is further

**ORDERED**, that any sale of the Assets shall be subject to the Debtors' written consent and subject to approval of this Court upon proper application; and it is further

**ORDERED**, that upon the sale of the Assets the gross proceeds shall be immediately turned over to counsel for the Debtors to be held in escrow for the benefit of the Debtors' estates, provided that any buyer's premium payable under the Agreement shall be held in escrow by counsel for the Debtors pending determination of Northgate's Fee Application, subject to further order of the Court; and it is further

**ORDERED**, that the Debtors hereby are authorized to do such things, execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of

5

this Order; and it is further

**ORDERED**, that to the extent the Application, the Agreement, the McCord Declaration, and/or the Corbin Declaration are inconsistent with this Order, this Order shall control; and it is further

**ORDERED**, that the Court has and shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, and neither the Debtors nor Northgate shall be required to seek authorization from any other jurisdiction with respect to the relief granted by this Order.



Dated: August 4, 2026
    Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge