MICHAEL SEPE, ESQ.
Michael Sepe, LLC
41 Front Street, Second Floor
Rockville Centre, New York 11570
Phone: (516) 766-0477
ms@sepelaw.com
*Court Appointed Receiver*

Hearing Date: October 1, 2026 at 10:00 a.m.

Objections Due: September 24, 2026 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW YORK BEACH CLUB LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70576 (LAS) |
| In re:<br><br>OCEAN BLVD., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70577 (LAS) |

**FEE APPLICATION OF MICHAEL SEPE, ESQ, AS RECEIVER, FOR ALLOWANCE OF COMPENSATION PURSUANT TO ORDER ENTERED ON APRIL 10, 2026 FOR THE PERIOD FROM JULY 1, 2026 TO AUGUST 31, 2026**

**TO: THE HONORABLE LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE**

Michael Sepe, Esq. as Temporary Receiver ("Receiver") of New York Beach Club Ltd. ("NYBC") and Ocean Blvd., LLC ("Ocean Blvd.", and together with NYBC, the "Debtors"), the above-referenced debtors and debtors in possession, submits this as and for a fee application ("Application") seeking entry of an Order awarding compensation for services rendered from July 1, 2026 through August 31, 2026 in the amount of $64,500 incurred in his work as Receiver of the Debtors, and respectfully represents as follows:

## SUMMARY

1. This Application is made, pursuant to the Order of this Court dated April 10, 2026 ("Bankruptcy Order"), a true copy of which is annexed hereto as **Exhibit A**, for the allowance of compensation for legal services rendered by the Receiver in the amount of $64,500 during the period from July 1, 2026, through August 31, 2026.

2. No previous applications for compensation to the Receiver for the period from July 1, 2026, through August 31, 2026 have been made to this Court or any other Court.

## BACKGROUND

3. By way of background, on January 15, 2026, in *Carver Federal Savings Bank v. New York Beach Club, Ltd., Ocean Blvd., LLC, Alexander V. Jacobson, New York State Department of Labor, and New York State Department of Taxation and Finance*, filed in the Supreme Court of the State of New York, County of Nassau (the "State Court"), bearing Index No. 605303-2024, Michael Sepe, Esq. was appointed as Receiver. A true copy of the State Court Order appointing Michael Sepe as Receiver is annexed hereto as **Exhibit B**.

4. On or about February 10, 2026, the Debtors each filed a Chapter 11 petition with this Court.

5. Pursuant to the Bankruptcy Order, Michael Sepe, Esq. was officially retained to continue in his capacity as Receiver.

6. Further, pursuant to the Bankruptcy Order, the Receiver's work performed in this matter "shall be compensated at an hourly rate of $500.00 for the Receiver, Michael Sepe, and an hourly rate of $75.00 for paralegal staff." *See* Order at **Exhibit A**.

7. During the time period from July 1, 2026 through August 31, 2026, the Receiver's firm worked 129 hours amounting to fees at the rates set by the Court totaling the sum of $64,500. The fees of the Receiver are more particularly described below and set forth in the Receiver's time records ("Time Records"), a true copy of which is annexed hereto as **Exhibit C**.

## ALLOWANCE OF COMPENSATION

8. The professional services rendered by the Receiver have required the expenditure of substantial time and effort. The Receiver has engaged in an extensive review and investigation of the Debtors' financials, engaged in motion practice, appeared at multiple hearings before this Court, and meetings with the parties, participated in the beginning stages of the Debtors' reorganization, and spent considerable time managing the finances and participating in the management of Debtors in coordination with Debtors' counsel, counsel for 1751 Ocean LLC, the Debtors' secured creditor, the Office of the U.S. Trustee, municipalities, vendors, employees and management staff.. As set forth in **Exhibit C**, the Receiver expended a total of 129 hours in rendering legal services for the time period from July 1, 2026 through August 31, 2026 which detail all work. The professional services rendered by the Receiver were necessary and appropriate and were of material benefit to the Debtors and other parties-in-interest.

9. Receiver's second fee application had prompted an objection from Debtors which was argued extensively at the last appearance before the Court on July 23, 2026. In granting Receiver's second fee application and overruling Debtors' objections the Court cited various factors. Among them was the fact that Debtors had never previously objected to the format of Receiver's billing entries (ie block billing). Receiver continues to maintain that those detailed and contemporaneous entries were entirely appropriate for the reasons stated in the previously filed response to objections and arguments made before the Court. However, in light of the prior objection, as of July 21, 2026, forward the billing format was altered to delineate a contemporaneous time entry to each and every task within each daily block entry (See Exhibit C) in order to address that portion of Debtors' prior objection.

10. Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award:

"(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement of actual, necessary expenses." *11 U.S.C. § 330(a)(1)*.

11. Section 330(a)(3) of the Bankruptcy Code directs this Court to consider the nature, extent and value of the services by taking into account relevant factors, which include: (i) the time spent on such services; (ii) the rates charged for such services; (iii) whether the services were necessary in the administration of, or beneficial at the time at which services were rendered toward the completion of, a case under the Bankruptcy Code; (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (vi) whether the compensation is reasonable based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *11 U.S.C. § 330(a)(3)*.

12. Under the Second Circuit standard, an award of fees to professionals is a prospective one, not based on hindsight, but rather based upon what services a reasonable lawyer would render under the circumstances. *See, e.g., In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 77 (2d Cir. 1996).

13. Here, the Debtors are the owner and operator of a beach club in Atlantic Beach, New York.

14. The Receiver was authorized by this Court, "to continue to remain in possession and sole control of all funds of the Debtors, including but not limited to partial deposits and payments in full of all Beach Club members for the 2026 summer season with authorization to use such funds as he deems reasonably necessary to prepare and open the Beach Club for the 2026 summer season." *See* Bankruptcy Order at **Exhibit A**.

15. The Receiver's time has been expended in continuous review of the books, records and

accounts of the Debtors as well as drafting and completing the various stages of an investigatory Report. The Receiver was, and continues to be, typically in daily contact with some combination of Debtors' principal, Debtors' counsel, Debtors' employees, the hospitality manager, vendors, Office of the USTO, beach club members, the applicable bank, and counsel for all parties and creditors. Furthermore, and consistent with the Bankruptcy Order, the Receiver is directly involved with the movement of funds into and out of the Receiver's accounts in order to allow the Debtors to operate the beach club for the summer. Such items include insurance, payroll, permits, taxes, management issues, club member payments (deposits) and vendor payments and preparation of weekly reports regarding same.

**CONCLUSION**

16. In summary, the Receiver respectfully requests that this application for allowance of compensation for the Receiver be granted in the amount of $64,500.

17. The work for each of the Debtors has been inextricably intertwined as the daily number of tasks for the benefit of either, or in many cases both, is large cannot be practically segregated. For example, certain issues such as taxes would clearly be limited to Ocean Blvd. while others such as payroll are clearly limited to NY Beach Club as the operating business. And, at the same time, multiple issues such as payments to contractors, permits, legal issues etc. pertain to both resulting in considerable overlap. Based on an agreement with Debtors counsel stated on the record at the last appearance, the parties agree that any fees awarded shall be apportioned so that 80% Receiver's fees be attributable to NY Beach Club while the remaining 20% be attributed to Ocean Blvd. LLC.

18. As separate bank accounts have been created for each debtor, I respectfully recommend that the fee awarded be apportioned so that 80% is paid by NY Beach Club ($51,600) while the remaining 20% is paid by Ocean Blvd. ($12,900).

**WHEREFORE**, Michael Sepe, Esq., as Receiver, respectfully requests the entry of an Order awarding compensation in the amount of $64,500 as detailed above together with such other and further relief as this Court may deem just, proper and equitable.

Dated: Rockville Centre, New York
September 2, 2026

**MICHAEL SEPE, LLC**

By: */s/Michael Sepe*
Michael Sepe, Esq.
41 Front Street, Second Floor
Rockville Centre, New York 11570
(516) 766-0477
ms@sepelaw.com

*Michael Sepe, as Temporary Receiver*