# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW YORK BEACH CLUB LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70576 (LAS) |
| In re:<br><br>OCEAN BLVD., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70577 (LAS) |

**ORDER EXCUSING RECEIVER FROM TURNOVER COMPLIANCE PURSUANT TO 11 U.S.C. § 543(d), AUTHORIZING RECEIVER TO CONTINUE IN POSSESSION OF PROPERTY OF THE ESTATE, AND GRANTING RELATED RELIEF**

Upon the *Motion for an Order (A)(I) Appointing Chapter 11 Trustee or, Alternatively, (II) Converting Debtor's Case or, Alternatively, (III) Vacating the Automatic Stay and Excusing the Receiver's Compliance with 11 U.S.C. § 543* filed by Carver Federal Savings Bank ("Carver") (the "Trustee/Conversion/Excuse Receiver Compliance Motion") in the above-captioned cases of New York Beach Club Ltd. ("NYBC") [NYBC ECF No. 27, 28] and Ocean Blvd., LLC ("Ocean Blvd.") [Ocean ECF No. 15, 16] each, a debtor and debtor in possession; and upon the *Objection to Motion for Order (A)(I) Appointing Chapter 11 Trustee or, Alternatively, (II) Converting Debtor's Case or, Alternatively, (III) Vacating the Automatic Stay and Excusing the Receiver's Compliance with 11 U.S.C. § 543* filed by NYBC [NYBC ECF No. 57] and filed by Ocean Blvd. [Ocean ECF No. 32]; and upon the *Debtor's Motion to Compel Turnover of Property of the Estate and Direct State Court Receiver to Immediately Comply Pursuant to Section 543 of the Bankruptcy Code* [NYBC ECF No. 17] filed by NYBC (the "Turnover Motion"); and upon the *Objection to*

*Debtor's Motion to Compel Michael Sepe, Receiver, to Account and Turnover Property of the Estate* [NYBC ECF No. 29] filed by Carver, and upon the *Declaration of Receiver in response to Motions of Debtors and Lender* [NYBC ECF No. 33] filed by Michael Sepe, Receiver (the "Receiver"); and a hearing (the "Hearing") having been held in these cases on the Trustee/Conversion/Excuse Receiver Compliance Motion and the Turnover Motion on March 26, 2026, at which Robert D. Nosek, Esq., successor counsel to NYBC and Ocean Blvd. (together, the "Debtors"), Alexander Jacobson, President of NYBC and Manager of Ocean Blvd., Andrew S. Muller, Esq., counsel to Carver's assignee 1751 Ocean LLC (the "Lender"), Michael Sepe, Esq., Receiver, Donna M. Fiorelli, Esq., counsel to NYBC members Marc Altheim and Joel H. Robinson, Robert H. Solomon, Esq., counsel to member Felicia Solomon, Philip Sivin, Esq., member, and William Birmingham, Esq., counsel to the Office of the United States Trustee, having appeared; and upon counsel for the Debtors, counsel for the Lender, and the Receiver having reported to the Court that a settlement has been arrived at regarding the Trustee/Conversion/Excuse Receiver Compliance Motion, the Turnover Motion, and matters related to operations of the beach club ("Beach Club") operated by NYBC going forward for approximately the next sixty (60) days; and upon the record and transcript of the Hearing which is incorporated by reference; and it appearing that all parties entitled to notice were duly served with the Trustee/Conversion/Excuse Receiver Compliance Motion and the Turnover Motion; and upon all of the pleadings and proceedings heretofore had, after due deliberation and sufficient cause appearing; and for the reasons set forth on the record by the Court at the Hearing; it is hereby

**ORDERED,** that to the extent the Trustee/Conversion/Excuse Receiver Compliance Motion seeks the appointment of a Chapter 11 operating trustee or the conversion of either or both

Debtor's Chapter 11 case to Chapter 7, the motion for these forms of relief as originally sought by Carver are deemed withdrawn without prejudice by Carver's assignee, the Lender; and it is further

**ORDERED,** that the Turnover Motion is denied; and it is further

**ORDERED,** that to the extent the Trustee/Conversion/Excuse Receiver Compliance Motion seeks to modify the automatic stay pursuant to Bankruptcy Code § 362(d)(1) in order to allow the Receiver to remain in place and in possession of certain property of the Debtors and excuse the Receiver's compliance with turnover requirements pursuant to Bankruptcy Code § 543(d), that motion is granted in both cases as further provided herein; and it is further

**ORDERED,** that, as expressed on the record before the Court at the Hearing by counsel for the Debtors and counsel for the Lender, and acknowledged by Jacobson and the Receiver, to which no objections were made by any of the Beach Club members or other creditors of either debtor present at the hearing, and over the oral objection of the United States Trustee, the Receiver is hereby authorized to continue to remain in possession and sole control of all funds of the Debtors, including but not limited to partial deposits and payments in full of all Beach Club members for the 2026 summer season with authorization to use such funds as he deems reasonably necessary to prepare and open the Beach Club for the 2026 summer season; and it is further

**ORDERED,** that all amounts to be paid to Debtors shall be paid solely to the Receiver, including, but not limited to, parties who wish to pay the balance of their deposits as members of the Beach Club for the 2026 summer season, and all prospective members of the Beach Club shall remit such funds solely to the Receiver, and not to NYBC, Ocean Blvd. or Jacobson personally; provided, however, that members and prospective members of the Debtor may deliver a check or checks for 2026 membership to an employee or agent of the Debtor, with such check(s) to be turned over to the Receiver promptly to be deposited by the Receiver into the Receiver's bank

account, and the Receiver shall promptly provide the Debtor with account information for inclusion in the Debtor's web portal for memberships to allow such members and prospective members to process payments directly into the Receiver's bank account by ACH or credit card payment; and it is further

**ORDERED,** that all operations of Debtors from entry of this Order until and including May 22, 2026 (the "Interim Period") or further order of this Court, which at this time and for the next approximately sixty (60) days are focused on, generally, the review and assessment, repair and preparation of the Debtors' premises and Beach Club business, shall be accomplished as provided in this Order; and it is further

**ORDERED**, that NYBC is authorized in the ordinary course of its business to engage, without further order of the Court, a hospitality business manager service (the "Hospitality Service") selected solely by the Lender; and it is further

**ORDERED,** that (a) during the Interim Period, all decisions concerning the management and financial operation of the Debtors, and approval of payment requests of the Debtors, shall be made solely by the Receiver, including, but not limited to, decisions relating to preparation for opening NYBC's Beach Club business on Memorial Day weekend; and (b) in connection with making such decisions, the Receiver shall consult with Jacobson and the Hospitality Service for their input and advice, but the Receiver shall have sole discretion to make such decisions and have sole discretion and the power to resolve differences of opinion on same between Jacobson and the Hospitality Service, keeping in mind the historical standards of quality, service and amenities provided by NYBC to its Beach Club members; and it is further

**ORDERED,** that until further Order of this Court, Jacobson shall receive no compensation for services rendered on behalf of or to the Debtors; and it is further

**ORDERED,** that should he deem it necessary, the Receiver is free to contact and consult with counsel for the Debtors and counsel for the Lender to aid in resolving a deadlock between Jacobson and the Hospitality Service; and it is further

**ORDERED,** that neither the Debtors nor Jacobson may terminate the employment of the Hospitality Service without further Order of this Court; and it is further

**ORDERED,** that the Receiver is hereby authorized to continue abiding by the mandates of the Order(s) (the "State Court Orders") providing for his appointment and the scope of his responsibilities issued by the Supreme Court of the State of New York, County of Nassau, in the foreclosure action captioned, *Carver Federal Savings Bank v. New York Beach Club, Ltd., Ocean Blvd., LLC, Alexander V. Jacobson, New York State Department of Labor, and New York State Department of Taxation and Finance*, bearing Index No. 605303-2024, to the extent not in conflict with this Order, and to the extent of any conflict, the terms of this Order shall govern; and it is further

**ORDERED,** that the Debtors and Jacobson shall timely comply with the requests and delivery of information to the Receiver as requested by the Receiver including, but not limited to providing to Receiver and the Lender a complete list of 2025 season NYBC members, and a complete current list of 2026 season NYBC members showing amounts paid and remaining outstanding amounts, which information shall be kept confidential by the Receiver and the Lender, and not filed on the Court's docket or shared with others except the Office of the United States Trustee or by separate Order of the Court; and it is further

**ORDERED,** that the Receiver will continue to abide by the financial reporting requirements of the State Court Orders and will provide such reports and other requested

information to the Lender, and the Debtors in order for monthly operating reports to be timely filed with this Court; and it is further

**ORDERED,** that the Receiver shall keep contemporaneous time records of all work performed in this matter. Subject to the approval of the Court, Receiver shall be compensated at an hourly rate of $500.00 for Michael Sepe and an hourly rate of $75.00 for paralegal staff. The Receiver may apply to the Court, on a bi-monthly basis, for payment approval, with such compensation to be distributed from the funds in the Debtors accounts held by the Receiver; and it is further.

**ORDERED**, that the Receiver shall timely comply with the requests and delivery of information and documents to the Office of the United States Trustee; and it is further

**ORDERED,** that, as applicable, the terms and provisions of this Interim Order shall apply to both NYBC and Ocean Blvd.; and it is further

**ORDERED,** that the Court retains jurisdiction to resolve any issues and disputes regarding, related to, or arising from the terms and provisions of this Order, including, without limitation, its enforcement.

**Dated: April 10, 2026**
**Central Islip, New York**

Louis A. Scarcella
United States Bankruptcy Judge