# Exhibit B

**At an IAS Part 4 of the Supreme Court of the State of New York, held in and for the County of Nassau, at 100 Supreme Court Drive, Mineola, New York 11501 on the 9th day of January, 2026.**

**P R E S E N T: HON. JEROME C. MURPHY**
**Justice of the Supreme Court**

---

**CARVER FEDERAL SAVINGS BANK,**

**Plaintiff,**

**- against -**

**NEW YORK BEACH CLUB, LTD., OCEAN BLVD., LLC, ALEXANDER V. JACOBSON, NEW YORK STATE DEPARTMENT OF LABOR, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,**

**Defendants.**

---

**INDEX NO. 605303-2024**
**Motion Date: 12-3-25**
**Sequence No.: 007**

**ORDER APPOINTING TEMPORARY RECEIVER**

On reading and filing the annexed NYSCEF Motion Documents 244-268; 271-278, and it appearing to the satisfaction of this Court that this action is brought to foreclosure mortgages and/or notes on parcels of real estate in the County of Nassau from which it appears that the Plaintiff is the owner and holder of certain mortgages and/or notes concerning the premises in this action, and the defendant, is in default in the payment of principal and interest in the sum of over nine million dollars on said mortgages and/or notes, that the summary judgment on the foreclosure of said mortgages and/or notes has already been granted and that said mortgages, notes and/or assignment contracts contain clauses authorizing the appointment of a Receiver for all rents and profits as broadly defined for said premises, in the event of foreclosure thereof.

The Court also further notes that, as stated in Court, the rental season for the property starts around Memorial Day of 2026 and ends around Labor Day of 2026 and the Court previously ordered that no rents be collected for the 2026 season, and the afore referenced documents also do not allow rents to be collected more than 30 days in advance of the rental period and that the defendants have violated all of this.

Now, given the aforementioned conduct, facts and agreements, the Order to Show Cause of the Plaintiff is Granted; and it is:

ORDERED, that Michael Sepe, Fiduciary ID# 383533, ( phone # 516-766-0477, email ms@sepelaw.com) having offices at 41 Front Street, Second Floor, Rockville Centre, NY 11570, is hereby appointed as the Temporary Receiver with the usual powers and direction as the Temporary Receiver for the benefit of the Plaintiff of all rents and profits now due and to become due ( including deposits and payments towards the 2026 rents) during the pendency of this action and issuing out of the Mortgaged Premises all as set forth in the complaint and known as ("Mortgaged Premises"); and it is further

ORDERED, that by accepting this appointment the Receiver certifies that he is in compliance with Part 36 Rules of the Chief Judge (22NYCRR part 36), including, but not limited to Section 36.2(c), ("Disqualifications from appointment."), and Section 36.2(d), ("Limitations on appointments based upon compensation."); and it is further

ORDERED, that payment of the Receiver's fees and expenses shall be determined upon written application to this Court or as otherwise determined in this order; and it is further

ORDERED, that the Receiver is authorized to forthwith take charge and enter into possession of the property; and it is further

ORDERED, that the said Receiver, prior to engaging in any action that may result in

Case 8-26-70576-las Doc 144-3 Filed 09/02/26 Entered 09/02/26 15:53:36

expenses being incurred of more than $1,000, other than for the undertaking, and is hereby directed to contact the Plaintiff's attorney, to ascertain the status of the foreclosure action and whether he should proceed with his duties; and it further

ORDERED, that before commencing with his duties as Receiver, said Receiver shall file with the Clerk of this Court his Oath and a bond or undertaking with sufficient sureties thereon subject to the approval of this Court in the amount of One Million five hundred thousand dollars, conditioned for the faithful performance of his duties as Receiver; and it further

ORDERED, that the said Receiver be and he hereby is directed to demand, collect and receive from occupants, tenants, and licensees in possession of said premises or others liable therefore, inclusive of the mortgagor, all the rents and license fees thereof to become fixed and now due and unpaid, or prepaid including deposits, and hereafter to become due and that said Receiver be and he hereby is authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the whole, or any part thereof, and /or apply to the Court to fix reasonable rental values and license fee values to compel the tenants and occupants(s) to attorn to the Receiver; and it is further

ORDERED, that the Receiver may institute and prosecute suits for the collection of rents, license fees and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenants or licenses or other persons therefrom; and it is further

ORDERED, that pursuant to the provisions of the General Obligations Law Section 7-105, anybody holding any deposits or advances of rentals or as security under any lease or license agreement affecting space in the premises affected by this action shall turn over to said Receiver within five (5) days after said Receiver shall have qualified; and thereupon the said Receiver

shall hold such money and/or security subject to such disposition thereof as shall be provided in an order of this Court to be made and entered in this action; and its further

ORDERED, that anybody in possession of same shall turn over to said Receiver all rent lists, orders, unexpired and expired leases, agreements, insurance records, correspondence, notices and registration statements relating to rental spaces or facilities in the premises, including internet access and full receipt and access to the names, address, emails and phone numbers of all tenants, prior tenants, and members, pre-payers and payers of rent and deposits, with all financial information concerning them; and it is further

ORDERED, that the Defendants and their agents, officers, employees and contractors are hereby directed to deliver and attorn to the Receiver all keys, combinations, pass keys and all rent lists, shareholder lists, unexpired and expired leases, proprietary leases, agreements, contracts, recognition agreements, corporate by-laws, correspondence, notices, registration statement, tenants, securities, shareholders, escrows, and lists of current, past and future rents, or other monies, arrears, relating to space in the Mortgaged Premises and all payments and records for the 2026 year; and it is further

ORDERED, that not withstanding anything to the contrary contained in this order, the Receiver shall not, without the further, prior order of this Court, upon prior notice to Plaintiff, make improvements or substantial repairs to the property at a cost in excess of $1,000; and it is further

ORDERED, that the Receiver, upon receipt of any rents, prepayments, deposits, profits or issues from the subject premises, shall promptly deposit the same in, in an account or accounts in his name as Receiver, and such account(s) shall show the name of this case, and the depository or the Receiver shall furnish monthly account statement to the Receiver and to the attorneys for the

parties and Court; and it is further

ORDERED, that no funds shall be withdrawn from the Receiver's account and no check thereon shall be honored unless they are to refund deposits of rents for the 2026 year, or as is otherwise directed by this order, or other orders of this Court, or the check is countersigned by the Receiver's sureties; and it is further

ORDERED, said Receiver is not authorized to hire counsel, an accountant, auctioneer, appraiser, property manager or real estate broker (secondary appointees) without an order of this Court, said Receiver is not authorized to pay fees to any secondary appointee(s) without further order of this Court; and it is further

ORDERED, that the Plaintiff shall continue to procure liability insurance and pay all property taxes, and keep said Mortgaged Premises insured against loss or damage by fire and other hazards for the benefit of the Plaintiff, and to pay to keep said Mortgaged Premises in repair; and to pay the taxes, assessments, water and sewer rents, vault charges, supplies and other charges; to comply with all the lawful requirements of any municipal department or other authority of the municipality in which the Mortgaged Premises are situated; to procure such fire, plate glass, liability and other insurance as maybe reasonably necessary thereon; all in compliance with Section 5228(a) of the Civil Practice Law and Rules; and it is further

ORDERED, that the tenants, subtenants or other persons in possession of said Mortgaged Premises attorn to said Receiver and pay over to said Receiver all rents, prepayments, deposits, license fees and other charges of such premises or other monies of said Mortgaged Premises now due and unpaid or currently held or, that my hereafter become due; and that the Defendants and their agents, officers, employees and attorneys are enjoined and restrained from:(I) collecting the rents, deposits, license fees and other charges of said Mortgaged Premises; (ii) interfering in any

manner with the Mortgaged Premises or its possession, or with the Receiver's management thereof; (iii) and from transferring, removing or in any way disturbing any of the occupants or employees; and that all the tenants of the Mortgaged Premises and other persons liable for the rents be and they hereby are enjoined and restrained from paying any rents, deposits or prepayments for said Mortgaged Premises to the Defendants, their agents, servant or attorneys; and it is further

ORDERED, that all persons now or hereafter in possession of the Mortgaged Premises or any part thereof, and not holding such possession under valid and existing leases, do forthwith surrender such possession to the Receiver at the option of the Receiver, subject to Emergency Rent laws, if any; and it is further

ORDERED, that the Receiver retain the balance of the money which may come into his hands, but may return 2026 prepayments, until the sale of the said premises under the judgment to be entered in this action, and/or until further order of this Court; and it is further

ORDERED, that the owner turn over to the Receiver all rents, deposits and monies collected for 2026: and it is further

ORDERED, that the Receiver comply with all lawful requirements of any municipal department or other authority of the municipality in which the Mortgaged Premises are situated; and it is further

ORDERED, that the said Receiver or any party hereto may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for an order or for instructions or powers necessary to enable such Receiver to properly and faithfully perform his duties; and it is further

ORDERED, that the Receiver appointed herein shall continue in his duties until the

Receivership is terminated by court order; and it is further

ORDERED, that the Receiver appointed herein shall file a monthly accounting from the date of this order, and each and every month thereafter during the pendency and existence of this receivership, with copies of said accounting to be forwarded to the parties' and the Court; and it is further

ORDERED, that the Receiver shall not seek to actively solicit rents from members or tenants for 2026 prior to April 15, 2026; and it is further

ORDERED, that pursuant to the Plaintiff's agreement, the Receiver may be paid up to $500 an hour for his services and for reasonable expenses, including for the undertaking premium, and if the Receiver advances the premium money for the undertaking, the Plaintiff shall reimburse him within 7 days; and it is further

ORDERED, that the appointee named herein shall comply with Section 35a of the Judiciary Law, CPLR Sections 6404-6404, RPAPL Section 1325, and Part 36 Rues of the Chief Judge.

This constitutes the Order of this Court.

ENTER:

Jerome C. Murphy

JEROME C. MURPHY
J.S.C.

ENTERED
Jan 15 2026
NASSAU COUNTY
COUNTY CLERK'S OFFICE