Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Debtors and Debtors in Possession
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

NEW YORK BEACH CLUB, LTD.

Debtor.
---------------------------------------------------------X

Chapter 11

Case No.:8-26-70576-las

In re:

OCEAN BLVD, LLC,

Debtor.
---------------------------------------------------------X

Chapter 11

Case No. 8-26-70577-las

**DEBTORS' OBJECTION TO THIRD FEE APPLICATION OF MICHAEL SEPE, LLC, AS RECEIVER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECCTIONS 327, 392, AND 330 OF THE UNITED STATES BANKRUPTCY CODE AND RULES 2002 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

New York Beach Club Ltd ("NYBC") and Ocean Blvd LLC ("Ocean") (NYBC and Ocean, together, the "Debtors"), the above-captioned debtors and debtors in possession, by and through their counsel, Certilman Balin Adler & Hyman, LLP, hereby object to the Third Fee Application of Michael Sepe, LLC, as Receiver, for Allowance of Compensation and Reimbursement of Expenses Pursuant to Sections 327, 238, and 330 of the United States Bankruptcy Code and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure [26-70576 ECF Dkt. No. 144 and 26-70577 ECF Dkt. No. 110] (the "Receiver 3rd Fee Application") filed by Michale Sepe, as receiver (the "Receiver") which seeks award and payment of compensation for the Receiver's

services during the period of July 1, 2026 (the "Current Period") through and including August 31,2026, in the amount of $64,500.00, with $51,600.00 of that amount to be paid by NYBC and the other $12,900.00 to be paid by Ocean Blvd., and respectfully represent as follows:

1. On February 10, 2026 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. By order entered in both of the Debtors' cases [26-70576 ECF Dkt. No. 81 and 26-70577 ECF Dkt. No. 51] (the "Receiver Order"), the Receiver was excused from a portion of obligations otherwise required under Bankruptcy Code Section 543(a) and (b). The Receiver Order has been extended through and including September 25, 2026. *See* 26-70576 ECF Dkt. No. 140 and 26-70577 ECF Dkt. No. 106. As part of the Receiver Order, the Court authorized him to seek payment of compensation by application on a bi-monthly basis, at an approved hourly rate of $500.00 for Sepe and $75.00 for paralegal staff. *See* Receiver Order p. 6.

**Prior Receiver Fee Applications**

3. By Order entered in both of the Debtors' cases [26-70576 ECF Dkt. No. 110 and 26-70577 ECF Dkt. No. 77], the Receiver was awarded compensation for the period of February 10, 2026, through and including April 30, 2026, in the amount of $45,487.50, of which $31,841.25 payable by NYBC and the balance of $13,646.25 payable by Ocean Blvd.

4. After an objection by the Debtors [26-70576 ECF Dkt. No. 124 and 26-70577 ECF Dkt. No. 90] (the "Objection") to the Receiver's second fee application for the period of May 1, 2026, through and including June 30, 2026, [26-70576 ECF Dkt. No. 123 and 26-70577 ECF Dkt. No. 89], and a hearing thereon on July 23, 2026, the Court overruled the Objection and entered an Order in both of the Debtors' cases awarding the Receiver compensation for the period of May 1,

2026, through and including June 30, 2026, in the amount of $71,300.00, of which $49,910.00 was to be payable by NYBC and the balance of $21,390.00 payable by Ocean Blvd. *See* Order 26-70576 ECF Dkt. No.135 and 26-70577 ECF Dkt. No. 101.

5. To date, the Receiver has been awarded and paid fees totaling $116,787.50, of which $81,751.25 was payable by NYBC and the balance of $35.036.25 payable by Ocean Blvd.

**Current 3rd Application**

6. If the current Receiver 3rd Fee Application is granted in full, the total awarded to date to the Receiver will be $181,287.50.00, with $133,351.25 awarded for NYBC time and the balance of $47,936.25 awarded for Ocean Blvd. time.

7. The Receiver 3rd Fee Application states that Sepe "expended a total of 129 hours in rendering legal services" during the Current Period. App. ¶ 8.

8. The Receiver describes his time spent during the Current Period

> in continuous review of the books, records and accounts of the Debtors as well as drafting and completing the various stages of an investigatory Report. The Receiver was, and continues to be, typically in daily contact with some combination of Debtors' principal, Debtors' counsel, Debtors' employees, the hospitality manager, vendors, Office of the USTO, beach club members, the applicable bank, and counsel for all parties and creditors. Furthermore, and consistent with the Bankruptcy Order, the Receiver is directly involved with the movement of funds into and out of the Receiver's accounts in order to allow the Debtors to operate the beach club for the summer. Such items include insurance, payroll, permits, taxes, management issues, club member payments (deposits) and vendor payments and preparation of weekly reports regarding same.

App. ¶ 15.

9. Such rates and applications seeking such payment should be evaluated against a reasonableness standing, and the Receiver concedes as such in his citation to Section 330(a)(1) of the Bankruptcy Code. *Id.* at ¶¶ 10-11.

10. The Debtors' primary objection herein, as it was in their prior Objection, is that many of the tasks engaged in by the Receiver are admittedly non-legal in nature. Accordingly, even if the hourly rate assigned to the Receiver upon his being permitted to continue is an appropriate rate for legal work, it is unreasonable to continue to pay him $500.00 per hour for non-legal tasks.

11. By comparison, all of the time of Certilman Balin Adler & Hyman, LLP ("Certilman Balin") is legal or paralegal work in nature, and its total billing through August 31, 2026, was substantially similar in amount to the Receiver for a comparable period of time. Certilman Balin is applying for an award of $184,187.50 for the substantially similar period. *See* CBAH First Interim Fee Application, 26-70576 ECF Dkt. No. 147 and 26-70577 ECF Dkt. No. 111.

12. The Court should also take into account the backdrop of what the Receiver would receive if his tasks were conducted in the state courts. Under New York State Civil Practice Law and Rules § 8004, a receiver is entitled to maximum compensation of five (5%) percent of sums received and disbursed. NY CPLR § 8004(a). Receivers are not permitted, except under exceptional circumstances, to be appointed as their own counsel, and are not permitted to hire their own law firm in that role. *See* NYCCRR § 36.2(c)(8). However, in this case, it appears that the State Court Judge permitted "the Receiver may be paid *up to* $500 an hour for his services and for reasonable expenses[.]" *See Order Appointing Receiver*, p. 7 (emphasis added), a copy of which is annexed hereto as **Exhibit A**. The $181,287.50 of fees charged by the Receiver would require the Receiver to have received and disbursed $3,625,750.00, which is an amount far in excess of what he has actually received and disbursed since his appointment.

13. As of September 16, 2026, the Receiver advised the Debtors he was holding in his receiver accounts from 2026 monies the sum of approximately $150,000.00 after last week's vendor and payroll checks clear his account, with approximately $3,500.00 of that amount being in an Ocean Blvd. account and the rest in NYBC accounts. Separately, as of September 16, 2026, the Receiver was holding $538,545.83 of 2027 member deposits.

14. The Debtors question the propriety of charging the Debtors' estates, to the detriment of their creditors and equity holder, a full legal services rate of $500.00 per hour for clerical, administrative and bookkeeping level services. From reading the above description of services and the Receiver's time entries, it appears a substantial amount of the Receiver's time and effort was spent on the following tasks (the "Non-Legal Work"):

a. Writing and printing checks;
b. Matching checks to invoices;
c. Scanning and circulating checks;
d. Depositing checks at Dime;
e. Visiting UPS to mail checks;
f. Transferring funds between accounts;
g. Sending bank statements to parties;
h. Maintaining check registers;
i. Compiling payment records;
j. Organizing invoices;
k. Uploading documents to shared drives;
l. Ordering payroll checks;
m. Obtaining routine bank documents;
n. Preparing weekly deposit and payment summaries;
o. Following up regarding lost or unsigned employee checks;
p. Handling routine payroll-processing questions; and
q. Communicating with bank employees concerning ordinary account administration.

15. The Receiver Order clearly anticipated that non-substantive legal or other work may be necessary thereby providing a $75.00 per hour paraprofessional rate. The foregoing tasks should not be compensated at a $500 attorney rate merely because the Receiver elected to perform them personally. The Debtors' estates should not bear premium professional rates for work that

could have been performed by a bookkeeper, paralegal, office administrator or banking clerk at a fraction of the cost. While the Receiver may not be required to seek support for non-legal work, that should not give him carte blanche to charge the full legal services rate for non-legal or paralegal work. Alternatively, there may have been temporary services agencies from which he could have brought in a part-time worker to do some of his non-legal or paralegal work. Just because the Receiver elected to proceed in the manner in which he did, that should not justify being paid a full $500.00 per hour legal rate for Non-Legal Work.

16. Another issue raised in the Objection was the Receiver's time entries for the prior periods included extensive block billing which prevented meaningful review. Although the Receiver did not move away from block billing without breakdowns of time and task within each billing entry until July 21, 2026 (*see* App. ¶ 9), he has done so now as of that date forward making it easier to ascertain and calculate non-legal or paralegal time. Because the Debtors do not have information sufficient to break down the remaining block billing by task within each block, this Objection focuses on those entries where the Receiver has done such breakdowns. The foregoing does not mean that a reduction should not be done to those amounts, it should. It is just the Debtors are not in a position to allocate time to specific tasks because only the Receiver would have an understanding of such breakdown.

17. Section 328 of the Bankruptcy Code illuminates the issue of certain tasks performed by an appointed fiduciary that utilizes their own firm as their counsel. That section provides:

> If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

U.S.C. § 328(b). While the Receiver is not a trustee and did not retain his law firm under Section 327(d), that provision indicates that not every task performed by a fiduciary should be paid at an attorney or accountant rate.

18. Whether or not a receiver is a fiduciary under the Bankruptcy Code, receivers are clearly fiduciaries under New York State law. *See, e.g.*, *Jamaica Sav. Bank v. Florizal Realty Corp.*, 95 Misc.2d 654, 657, 407 N.Y.S.2d 1016, 1019 (Sup. Ct. 1978) (stating "the office of Receiver is one of trust, for not only is the Receiver an officer of and arm of the court, but he is also a fiduciary as well, one who is acting for the benefit of all parties interested in the action and holding the receivership property in custodia legis.") (internal citations omitted).

19. In reviewing the Receiver's time records the Current Period, the Debtors believe that certain of the time entry tasks fall within the Non-Legal Work categories. Based on the Debtors' review, no less than $3,050.00 representing 6.1 hours of work is clearly described within the list of Non-Legal Work categories. *See* Exhibit B annexed hereto. Accordingly, any amount awarded to the Receiver under the Receiver 3rd Fee Application should be reduced by those amounts or adjusted down to a lower fee amount in the discretion of the Court. At $75.00 per hour, the 6.1 hours of time work equals $457.50. Thus, a reduction of no less than $2,592.50 because of the Non-Legal Work categories is reasonable.

20. It is clear when looking at the Receiver's prior block billing that does not include a breakdown of task times within a particular billing block that Non-Legal Work was performed there as well.

21. Separately, the Debtors note that the Receiver is charging fees totaling $6,400.00 for defending his Second Interim Fee Application. Under *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 135, 135 S.Ct. 2158, 2169, 192 L.Ed.2d 208 (2015), Section 330(a)(1) does not

permit bankruptcy courts to award compensation for defending one's fee application. Accordingly, the Court should, at the least, reduce the Receiver's fee award by $6,400.00.

22. Thus, a reduction of no less than $8,992.50 would be reasonable and appropriate. Moreover, assuming the prior block-billed periods have at least $3,000 a month of non-legal time, a further reasonable reduction would be appropriate. The Receiver should be required to examine prior bills and lower them accordingly.

23. The Debtors reserve their rights to amend or supplement this Objection and raise any other arguments that may be developed and supported, particularly given the incredibly short time frame in which the Debtors and other parties in interest were given to review the Receiver 2nd Fee Application.

**WHEREFORE**, based upon the foregoing, the Receiver 3rd Fee Application should be reduced by no less than $8,992.50 as not being a reasonable rate of fees for the Non-Legal Tasks and charging for defense of his prior fee application which is inconsistent with *Baker Botts v. ARASCO*, and the Debtors granted such other and further relief as the Court may deem proper.

Dated: East Meadow, New York
September 24, 2026

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Counsel to the Debtors and Debtors in Possession

By: /s/Robert D. Nosek
**RICHARD J. MCCORD, ESQ**
**Robert D. Nosek, Esq.**
90 Merrick Avenue
East Meadow, New York 11554
(516) 296-7000