MICHAEL SEPE, ESQ.
Michael Sepe, LLC
41 Front Street, Second Floor
Rockville Centre, New York 11570
Phone: (516) 766-0477
ms@sepelaw.com
*Court Appointed Receiver*

Hearing date: October 1, 2026 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW YORK BEACH CLUB LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70576 (LAS) |
| In re:<br><br>OCEAN BLVD., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70577 (LAS) |

**RECEIVER'S RESPONSE TO THE OBJECTION BY DEBTORS**
**TO RECEIVER'S THIRD FEE APPLICATION**

Michael Sepe, Esq. as Temporary Receiver ("Receiver") of both New York Beach Club Ltd. ("NYBC") and Ocean Blvd., LLC ("Ocean Blvd." and together with NYBC, the "Debtors"), the above-referenced debtors and debtors in possession, submits this response to Debtors' objection (hereinafter, the "Objection") to Receiver's Third Fee Application (the "Fee Application") seeking entry of an Order awarding compensation for services rendered from July 1, 2026 through August 31, 2026 in the amount of $64,500, incurred in his work as Receiver of the Debtors, and respectfully represents as follows:

1. Debtors' Objection (OBJ) does not question the veracity of the billing entries, the quality of the work or the necessity of the work described.

2. Rather, this time, Debtors raise two objections: First, they re-argue, that a portion of the time spent should be paid to the undersigned at the rate of $75 per hour as according to Debtors such work constituted "clerical, administrative and bookkeeping level services.": (OBJ at 14). Second, that the hours spent drafting a filing a response to Debtors' prior objection, followed by arguing that question at a multi issue hearing before the Court, is not compensable under sections 327, 328 and 330 of the U.S. Bankruptcy Code.

3. As to both issues, Debtors conspicuously avoid the fact that the hourly rate set for the undersigned was not imposed on them by this Court. Rather, the applicable Order and all of its components, including the hourly rate, was a result of a stipulation between Debtors and Secured Creditor which was then So Ordered by the Court.

4. As to both issues, in crafting that stipulation resulting in this Court's Order (ECF 81), Debtors had every right and opportunity to seek exceptions or carve outs for certain categories of work they now after the fact, deem not appropriate for the very rate to which they stipulated and despite their not challenging the veracity or necessity of such work. It is undisputed that at no time did Debtors do so.

5. It is further undisputed that at no time at or after their objection to the second fee application and the hearing on same (July of 2026) did Debtors request a modification of that Order – presumably because they raised the identical "clerical/administrative/bookkeeping" argument which the Court declined to accept. As such, they now again seek judicial cover to violate the terms of that So Ordered Stipulation based on a previously rejected argument and to retroactively cut the agreed upon hourly rate for necessary work.

**"Non-Legal" Work**

6. At the time of my appointment this Court:

> ORDERED, that the Receiver shall keep contemporaneous time records of all work performed in this matter. Subject to the approval of the Court, Receiver shall be compensated at an hourly rate of $500.00 for Michael Sepe and an hourly rate of $75.00 for paralegal staff. The Receiver may apply to the Court, on a bi-monthly basis, for payment approval, with such compensation to distributed from the funds in the Debtors accounts held by Receiver; and is further…

*See* Order at ECF 81.

7. In granting the second fee application, one of the reasons the cited by the Court was that Debtors had never previously objected to the format of my billing prior to that application, ie "block billing". As Debtors clearly raised that objection in response to the second fee application, on my own volition I thereafter broke every day's billing entry into multiple tasks with separate time entries. I ask that the Court please note that such change is not in any way a concession by me of any merit to Debtors' argument. It was done to avoid at least that issue from being raised again. From that breakdown now Debtors seek to reduce 6.1 hours of work from $3050 to $457.50 (See, Debtors' OBJ Exhibit B).

8. In the Order appointing me this Court charged me: "… with all decisions concerning the management and financial operation of the Debtors, and approval of payment requests of the Debtors, shall me be made solely by Receiver, …" Order at ECF 81, pg. 4.

9. As such financial oversight and management was the primary responsibility of this Receivership and not an ancillary duty which can now be mischaracterized as "administrative", "bookkeeping" or "clerical". First, and

once again, Debtors point to my time spent preparing weekly reports of Debtors' finances and contend this is "paralegal" type work ignoring the fact that such reports are required to be in compliance with Orders of the Court, FDIC requirements, signed banking agreements, and requirements of the USTO. Second, Debtors fail to mention how the knowledge and skill required to prepare such weekly reports fundamentally differs from the work of Debtors' counsel preparing Monthly Operating Reports – for which they presumably do not seek to compensated at paralegal rates.

10. Next, despite Debtors characterization of this category, it is undisputed that all of that work was performed by me – an attorney. On at least 3 occasions that I can recall, requested payments were denied by me as they sought payment for pre-petition goods or services which would violate the Bankruptcy Code. Separately, on numerous occasions, vendor payment required a review by me of an applicable agreement and in certain cases negotiation. Therefore, in much if not most of such challenged work, I was in fact required to employ legal training for which a paralegal or support staff person would not be equipped.

11. As previously set forth, once again, time has been spent by my assistants in July and August for truly clerical, administrative and bookkeeping services. Such tasks have consisted of filing, monitoring the docket, copying and sorting checks, invoices bank statements etc, MS Excel work with spreadsheets (ie tables in Receivers report), word processing etc. As neither of my current assistants holds a formal paralegal certificate I once again opted not to seek compensation for their time.

12. Finally, the Debtors' recycled citation to Justice Murphy's "up to" $500 per hour (OBJ at 12) is once again similarly misleading as Justice Murphy in fact approved $500 per hour for my pre-petition work as did this Court in its Order of appointment. *See* Order at ECF 81 at pg. 6.

13. In its analysis of Receiver's time keeping, "'[t]he court is not required to assess each entry in isolation; rather, it may use its knowledge of the case and the demands that the issues posed by the case placed on the attorneys to judge whether counsel were wasting significant amounts of time or otherwise performing with less than reasonable efficiency.'" *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 174182, at *34-35 (S.D.N.Y. Dec. 11, 2013) (citations omitted).

14. As such, I respectfully submit that Debtors objection to the above specified work should not be credited.

**Defense of the Prior Fee Application**

15. Debtors further ask this Court to disallow $6400 in what they do not dispute was legal work in responding to their prior objection and arguing that issue before this Court. A large portion of that billing (8.6 hours totaling $4300)[1] was spent at the July 23, 2026, hearing before the Court which Debtors seemingly contend is not compensable in its entirety. Debtors fail to mention that despite extensive argument on the fee issue that day, the Court also heard the various parties on issues including the broker hired by Debtors for sales efforts, cash collateral, case management and issues regarding Debtors' disclosures in connection with their filed Plan, all of

[1] Here, despite their being provided with billing in the new format, Debtors do not provide a breakdown of how they quantified their request to disallow $6400.

which the undersigned was in attendance for, and with regard to case management and cash collateral, my recollection is that I participated in those issues.

16. Debtors do correctly cite to the U.S. Supreme Court's decision in *Baker Botts v. ASARCO* (135 S. Ct. 2158 (2015), in support of their argument that Section 330 does not typically allow reimbursement for time spent by a "professional" in defending a fee application. The Supreme Court in part based its decision on the rationale that the application before it would have also allowed for compensable fees when disputed fee application defense was unsuccessful. Id. at 2166. Here, the second fee application was successful.

17. Subsequent to that decision, this District distinguished *Botts* in the context of a Chapter 11 Receiver and his counsel requesting compensation for defense of a fee application. *See, In Re 29 Brooklyn Ave., LLC*, 548 B.R. 642, 2016 Bankr. LEXIS 1879 (E.D.N.Y. 2016) (Craig, J.). There, the Court distinguished the application of a fee defense of Receiver's counsel for the Receiver and held that such was compensable ("In this case, the Receiver engaged in extensive litigation with the Debtor over his expenses and compensation and prevailed"). *Id*. at 647. Under that rationale, based on the successful fee defense, the Court allowed compensation under section 503(b) and its subdivisions. It is respectfully submitted that as no outside appointments (ie Receiver's counsel) were permitted here, the work performed by me in successfully defending the prior fee application is analogous to the above decision and compensable under the Bankruptcy Code.

18. In light of Debtors stipulated agreement to the $500 hourly rate, without exception for fee defense litigation, Debtors' choice not to particularize how it arrived at its request to disallow $6400 or how much of the July 23rd hearing also

covering non fee related matters should be disallowed, and in light of applicable, law, it is respectfully requested that this portion of Debtors' objection should not be credited and that Receiver's third fee application should be granted.

Dated: Rockville Centre, New York
September 29, 2026

Respectfully submitted,

By: */s/Michael Sepe*

Michael Sepe, Esq.
41 Front Street, Second Floor
Rockville Centre, New York 11570
(516) 766-0477
ms@sepelaw.com

*Michael Sepe, Court Appointed Receiver*