UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NEW YORK BEACH CLUB, LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70576 (LAS) |
| In re:<br><br>OCEAN BLVD., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-70577 (LAS) |

**INTERIM ORDER EXTENDING EXISTING ORDER EXCUSING RECEIVER FROM TURNOVER COMPLIANCE PURSUANT TO 11 U.S.C. § 543(d), AUTHORIZING RECEIVER TO CONTINUE IN POSSESSION OF PROPERTY OF THE ESTATE, AND GRANTING RELATED RELIEF**

Upon the *Motion for an Order: (A)(I) Authorizing the Receiver to Continue in Possession of Property of the Debtors' Estates, and Excusing the Receiver from Turnover Compliance with 11 U.S.C. § 543, or, alternatively, (II) Appointing Chapter 11 Trustee or, Alternatively, (III) Converting the Debtors' Cases to Chapter 7 and (B) Granting Related Relief* (the "Motion") filed by 1751 Ocean LLC ("Lender") in each of the above-captioned cases of New York Beach Club Ltd. ("NYBC") [NYBC ECF No. 104][1] and Ocean Blvd., LLC ("Ocean Blvd.", and together with NYBC, the "Debtors") [Ocean ECF No. 70], each a debtor and debtor in possession; and upon the opposition to the Motion contained in the *Debtors' Response to Motion for Order (a)(1) Authorizing Receiver to Continue in Possession of Property of the Estates and Excusing Receiver from Turnover Compliance Pursuant to 11 U.S.C. Section 543(d), or Alternatively,*

[1] References to the docket of *In Re New York Beach Club, Ltd.*, Case No. 8-26-70576 are referred to as "[NYBC ECF No. #]" and references to the docket of *In Re Ocean Blvd., LLC*, Case No. 8-26-70577 are referred to as "[Ocean ECF No. #]."

*(II) Appointing Chapter 11 Trustee or, Alternatively, (III) Converting Debtors' Cases to Chapter 7 and (B) Granting Related Relief* [NYBC ECF No. 118] [Ocean ECF No. 84]; and upon the Lender's Reply in further support of the Motion [NYBC ECF No. 122] [Ocean ECF No. 88]; and the Court having entered a *Bridge Order, Pursuant to Section 105(a) and 543(d) of the Bankruptcy Code, Authorizing Receiver to Continue In Possession of Property of the Estate, and Granting Related Relief, subject to any rulings which may be made with respect to the Motion at the Hearing, pursuant to Sections 105(a) and 543(d) of the Bankruptcy Code*, extending the Interim Period (as defined in the *Order Excusing Receiver from Turnover Compliance pursuant to 11 U.S.C. § 543(d), Authorizing Receiver to Continue in Possession of Property of the Estate, and Granting Related Relief* dated April 10, 2026 (the "Receiver Order") [NYBC ECF No. 81] [Ocean ECF No. 51] from June 9, 2026 through and including the Hearing and determination of the Motion; and the Court having subsequently entered an *Order Extending Existing Order Excusing Receiver from Turnover Compliance pursuant to 11 U.S.C. § 543(d), Authorizing Receiver to Continue in Possession of Property of the Estate, and Granting Related Relief* dated August 4, 2026 [NYBC ECF No. 140] [Ocean ECF No. 106], extending the Interim Period (as defined in the Receiver Order) to September 25, 2026 and authorizing the Receiver to accept deposits for the 2027 summer season and maintain same at the Receiver's Bank account at Dime Savings Bank until further Order of the Court; and a hearing having been held in these cases on the Motion on August 20, 2026 at which the Court "so ordered" the record thereof and extended the Interim Period (as defined in the Receiver Order) to October 5, 2026; and another hearing having been held in these cases on the Motion on October 1, 2026 (the "Hearing"), at which appeared Robert Nosek, Esq., counsel to the Debtors, Alexander Jacobson, President of NYBC and Manager of Ocean Blvd., Andrew S. Muller, Esq., counsel to Lender, Michael Sepe, Esq., Receiver, Matthew Burrows, Esq.,

counsel to Newtek Small Business Finance, LLC, and William Birmingham, Esq., counsel to the Office of the United States Trustee; and upon the record and transcript of the Hearing which is incorporated by reference; and it appearing that all parties entitled to notice were duly served with the Motion; it is hereby

**ORDERED,** that the Interim Period (as defined in the Receiver Order) in the Receiver Order is hereby extended without interruption and without prejudice through and including **January 31, 2027**, with no further amendments or modifications to the provisions of that Order, which all remain in full force and effect; and it is further

**ORDERED,** that during this continued Interim Period, the Receiver is authorized to continue to accept deposits from existing and new New York Beach Club members for the 2027 summer season, and maintain same at the Receiver's Bank account at Dime Savings Bank until further Order of this Court; and it is further

**ORDERED,** that, as applicable, the terms and provisions of this Interim Order shall apply to both NYBC and Ocean Blvd.; and it is further

**ORDERED,** that the Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

Dated: October 2, 2026
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge